## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | Civil Action No. 1:21-cv-3413-SDG |
| **v.** | |
| **JOHN J. WOODS, et al.,** | |
| **Defendants.** | |

## MOTION FOR AUTHORITY TO EMPLOY RAGSDALE, BEALS, SEIGLER, PATTERSON & GRAY, LLP AS LOCAL COUNSEL TO THE RECEIVER

A. Cotten Wright, the duly appointed receiver (the "Receiver") for Horizon Private Equity, III, LLC ("Horizon") and certain assets of John J. Woods ("Woods") in the above-captioned civil action (this "Case"), hereby presents this *Motion for Authority to Employ Ragsdale, Beals, Seigler, Patterson & Gray, LLP as Local Counsel to the Receiver* (this "Motion"), and in support thereof, respectfully represents as follows:

1.     On August 20, 2021, the U.S. Securities and Exchange Commission (the "Plaintiff") filed a *Complaint* (Doc. 1) against Woods, Horizon, and Livingston Group Asset Management Company, alleging violations of the

Securities Act of 1933, the Securities and Exchange Act of 1934, the Investment Advisers Act of 1940, and various regulations promulgated thereunder, thereby initiating this Case.  Upon a motion from the Plaintiff, the Court entered its *Order Appointing Receiver* on September 1, 2021 (the "Receiver Order") (Doc. 26). Pursuant to the Receiver Order, the Court appointed the Receiver to perform certain duties as set forth in the Order.

2.      The Order permits the Receiver to "engage and employ persons in his or her discretion to assist him or her in carrying out his or her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers."  *See* Receiver Order, at 6.

3.      In conformance with the requirement in the Receiver Order that the Receiver seek Court approval of any professionals that the Receiver chooses to employ, through this Motion, the Receiver requests authority to employ the law firm of Ragsdale, Beals, Seigler, Patterson & Gray, LLP (the "Ragsdale Firm") as local counsel to the Receiver in this Case.

4.      The Receiver seeks to retain the Ragsdale Firm for the purpose of representing the Receiver in carrying out her responsibilities pursuant to the

Receiver Order.  The Receiver has selected the Ragsdale Firm because of its experience and expertise in other matters of a similar character.  The Receiver believes that the Ragsdale Firm is uniquely qualified to represent her in this case and in performing her duties, and that it can do so in an efficient and timely manner.

5.     The Ragsdale Firm has informed the Receiver that its billing rates range from $325.00 to $500.00 per hour for partners, $265.00 for associates and $175.00 for paraprofessionals.  These rates are subject to periodic adjustments. The hourly rates set forth above are the Ragsdale Firm's standard hourly rates for work of this nature.  These rates are set at a level designated to fairly compensate the Ragsdale Firm for the work of its attorneys and paralegals.

6.     The Receiver will be billed at the Ragsdale Firm's customary billing rates for matters of this type. The Ragsdale Firm has advised the Receiver that it is its policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand-delivery charges, document processing, photocopying charges, charges for mailing supplies provided to outside copying services, travel expenses,

online research expenses, transcription costs, as well as ordinary overhead expenses such as secretarial and other overtime.

7.    The Receiver has informed the Ragsdale Firm that its fees and expenses will be subject to Court review and approval, must comply with the Plaintiff's billing procedures and guidelines, and are subject to the parameters set forth in the Receiver Order.

8.    To the best of the Receiver's knowledge, the Ragsdale Firm does not hold or represent any interest adverse to the receivership estate.

9.    The Receiver consulted with the Plaintiff's attorneys prior to filing this Motion and is informed that the Plaintiff has no opposition to it.

10.    For these reasons, the Receiver maintains that it would be in the best interests of the receivership estate to employ the Ragsdale Firm to represent the Receiver in performing her duties as set out in the Order.   Accordingly, the Receiver requests that the Court approve the Ragsdale Firm as local counsel to the Receiver.  A proposed order is attached as Exhibit A.

WHEREFORE, the Receiver respectfully prays that the Court will enter an Order approving the Receiver's employment of Ragsdale, Beals, Seigler, Patterson & Gray, LLP as local counsel to the Receiver and granting such further relief as is just and proper.

This is the 8th day of September, 2021.

|  |  |
|---|---|
|  | /s/ W. Russell Patterson, Jr. |
| Ragsdale Beals Seigler Patterson & Gray, LLP | W. Russell Patterson, Jr. |
| 229 Peachtree St., NE, Suite 2400 | Georgia Bar No. 566920 |
| Atlanta, GA 30303-1629 | Attorney for Receiver |
| (404) 588-0500 |  |
| wrpjr@rbspg.com |  |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | Civil Action No. 1:21-cv-3413-SDG |
| **v.** | |
| **JOHN J. WOODS, et al.,** | |
| **Defendants.** | |

**ORDER GRANTING MOTION FOR AUTHORITY TO EMPLOY**
**RAGSDALE, BEALS, SEIGLER, PATTERSON & GRAY, LLP AS**
<u>**LOCAL COUNSEL TO THE RECEIVER**</u>

This matter came before the Court on the *Motion for Authority to Employ Ragsdale, Beals, Seigler, Patterson & Gray, LLP as Local Counsel to the Receiver* filed on September 8, 2021 (Doc. ▮ ).  The Court, having reviewed the Motion and the record in this case, and having been informed of that the Plaintiff has no opposition to the Motion, has determined that it should be allowed.

IT IS, THEREFORE, ORDERED that the Motion is GRANTED and the Receiver is authorized to employ Ragsdale, Beals, Seigler, Patterson & Gray, LLP as local counsel to the Receiver.

IT IS SO ORDERED, this ___ day of September, 2021.


_____

STEVEN D. GRIMBERG
UNITED STATES DISTRICT
JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOHN J. WOODS, et al.,**<br><br>**Defendants.** | Civil Action No. 1:21-cv-3413-SDG |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that copies of the foregoing *Motion for Authority to Employ Ragsdale, Beals, Seigler, Patterson & Gray, LLP as Local Counsel to the Receiver* was served by electronic notification upon all parties and counsel who are registered users of the Court's electronic filing system and who have requested notice in the above-captioned civil action.

This is the 8th day of September, 2021.

|  | |
|---|---|
| | */s/ W. Russell Patterson, Jr.* |
| Ragsdale Beals Seigler Patterson & Gray, LLP | W. Russell Patterson, Jr. |
| 229 Peachtree St., NE, Suite 2400 | Georgia Bar No. 566920 |
| Atlanta, GA 30303-1629 | Attorney for Receiver |
| (404) 588-0500 | |
| wrpjr@rbspg.com | |