## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOHN J. WOODS, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 1:21-cv-3413 (SDG)** |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Securities and Exchange Commission ("Commission") and Defendants John J. Woods ("Woods"), Livingston Group Asset Management Company d/b/a Southport Capital ("Southport"), and Horizon Private Equity, III, LLC ("Horizon III"), by and through Horizon III's receiver, A. Cotten Wright (the "Receiver"), respectfully submit this joint preliminary report and discovery plan.

**1.     Description of Case*:*

**(a) Describe briefly the nature of this action.**

This is a civil enforcement action brought by the Commission against Defendants Woods, Southport, and Horizon III.  The Commission alleges that the defendants violated the federal securities laws by, among other things, providing investors with false and misleading information regarding investments in Horizon

III.  The Court has appointed a Receiver over Horizon III.  The defendants deny that they violated the federal securities laws.

   **(b) Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

Plaintiff's Summary:

The Commission summarizes the facts of the case as follows:

Woods has been running a Ponzi scheme for over a decade.  As of the end of July 2021, investors in the scheme were owed over $110,000,000 in principal. There are more than 400 investors, residing in at least 20 different states, who currently hold investments in the scheme, which goes by the name Horizon III. Many of the victims are elderly retirees who were preyed upon by investment advisers at Southport, a registered investment adviser firm owned and controlled by Woods.

Woods and other investment adviser representatives at Southport told clients that they would receive returns of 6-7% interest, guaranteed for two to three years, for non-specific investments in a fund called Horizon III.  Woods and his cohorts at Southport generally told investors that Horizon III would earn a return by investing their money in, for example, government bonds, stocks, or small real estate projects; investors were not told that their money would or could be used to pay returns to earlier investors.  That is exactly what the Defendants did—they

were only able to pay the guaranteed returns to existing investors by raising and using new investor money.  Horizon III has not earned any significant profits from legitimate investments; instead a very large percentage of purported "returns" to earlier investors were simply paid out of new investor money.

The assets owned by Woods and the entities under his control, including Southport and Horizon III, are worth far too little for there to be any realistic prospect that the Defendants will be able to pay back existing investors their principal, let alone the promised returns.

Defendant Southport has more than $824,000,000 in client assets under management.  As the President and majority owner of the firm, Woods has extensively used Southport's offices and employees to carry out the Horizon III scheme.  Horizon III is an entity that Woods used strictly for the purpose of raising money from investors in the scheme.  Horizon III has no offices or employees of its own; all of its activities have been conducted by Woods and Southport employees.  At all times relevant to this case, Woods had actual control over Horizon III's assets and operations, and ultimate control over the use and disposition of investor funds.

The Receiver's Summary for Horizon III:

As a result of the Commission's Complaint, Horizon III was put into receivership on September 1, 2021 (the "Receivership Order"), and the Receiver

was appointed.  The receivership assets include Horizon III's assets and John

Woods' membership interests in the following:   (i) Livingston Asset Management

Company d/b/a Southport Capital and its holding company, Livingston Southport

Investors, LLC, (ii) Lakewood Ranch Risk Management LLC d/b/a Southport

Capital Risk Management, and (iii) Chattanooga Professional Baseball,

LLC.  Pursuant to the Order Approving Liquidation Plan and Establishing Case

Procedures entered on October 21, 2021, the Receiver is in the process of

liquidating Receivership assets.

Southport's Summary:

Southport is without knowledge or information sufficient to form a belief as

to the truthfulness of the Commission's allegations against Defendant Woods and

Defendant Horizon III's and/or any of any of his, its or their so-called respective

"cohorts" (as the Commission alleges) — whether or not any such perceived

persons have been or are affiliated with Southport. Since the Commision  filed its

Complaint, Southport has lost substantial client assets under management due to

the the departures of many clients and their Southport advisors.  Southport denies

all allegations of wrongdoing that the Commission has asserted against it.

Without limitation, Southport denies having allegedly: (i) aided, assisted or

conspired with the co-Defendants in order to engage in any claimed illegal

conduct; (ii) asserted control over Horizon III's assets and operations or use and

disposition of investor funds; (iii)  engaged in any system-wide scheme to solicit its advisory clients to invest in Horizon III; or (iv) participated in any Ponzi scheme or other alleged illegal conduct to its profit, betterment or pecuniary benefit or otherwise. Southport further denies causality and damage liability because certain investors in Horizon III made those investments before later deciding to establish managed investment accounts  at Southport while yet other Horizon investors have never established managed investment accounts at Southport.  Southport further denies any statutory and common law liability in this proceeding based on the affirmative and special defenses asserted in its Answer filed of record herein.

Defendant Woods's Summary

Defendant Woods denies Plaintiff's allegations.  Also, it is Defendant Woods's position that the investor harm about which Plaintiff complains is in many respects a problem of Plaintiff's own making.  This is because Plaintiff's public charges against Defendant Southport, Horizon III's most valuable asset, significantly diminished the value of that asset by reducing its acquisition value, thus inhibiting Horizon III's ability to return its investors' principal.  Further, by forcing Horizon III into a receivership, Plaintiff ensured that certain promising multi-million dollar real estate development projects and other projects in which Horizon III invested will not be able to realize their full potential, significantly

increasing the likelihood that Horizon's III's investors cannot be made whole.
Plaintiff had other options to maximize investor value and try to avoid this result.
Defendant Woods also notes that Horizon III only used investor funds to make
investments and pay the fund's obligations, and it did not use any investor funds
to fund personal living expenses of Defendant Woods.  Finally, Horizon III
returned over $40,000,000 in interest payments to its investors over the period of
time in which Plaintiff alleges that Horizon III was operating as a Ponzi scheme,
with very few redemptions.

    **(c)**    **The legal issues to be tried are as follows:**

       i.    Whether Woods and the other defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C § 78 j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

      ii.    Whether Woods and the other defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

   iii.    Whether Woods and Southport violated Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6];

iv.     Whether the defendants aided and abetted in violations of
        Section 17(a) of the Securities Act and Section 10(b) of the
        Exchange Act;

v.      Whether the Commission is entitled to relief in the form of an
        injunction against the defendants pursuant to the Exchange Act,
        Securities Act, and Advisers Act;

vi.     Whether the Commission is entitled to an order requiring the
        defendants to disgorge all ill-gotten gains in connection with
        defendants' alleged violations of the federal securities laws;

vii.    Whether the Commission is entitled to an order against the
        defendants pursuant to the Exchange Act, Securities Act, and
        Advisers Act requiring them to pay civil monetary penalties; and

viii.   Whether the Commission is entitled to any additional relief.

ix.     Whether the Defendants' respective affirmative and special
        defenses have merit.

x.      Whether the Defendants are entitled to have the Complaint
        dismissed as requested in their respective Answers.

xi.     Whether the Commission should take nothing under any of the
        Counts in its Complaint.

xii.    Whether any of the Defendants should have judgment in their favor.

**(d)**    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases: None.  The parties note, however, that the case captioned *6994 Davson Blvd, LLC v. Oppenheimer & Co., Inc., et al.*, Civil Action No. 1:21-cv-3625-SDG (N.D. Ga.) (putative class action) is also pending before the Court.

(2)    Previously Adjudicated Related Cases:  None.

**2.**    This case is complex because it possesses one (1) or more of the features listed below (please check):

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
__X__ (3) Factual issues are exceptionally complex
__X__ (4) Greater than normal volume of evidence
__X__ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
__X__ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
__X__ (11) Unusually complex discovery of electronically stored information

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:   Harry B. Roback

Defendant Woods:  David M. Chaiken

Defendant Southport:  Gerald B. Kline

Defendant Horizon III:  A. Cotten Wright (Receiver)

**4.      Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes            __X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.      Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

The parties are unaware of any such parties at this time.

(b)  The following persons are improperly joined as parties:

The parties are unaware of any such parties.

(c)  The names of the following parties are either inaccurately stated or

necessary portions of their names have been omitted:

The names of the parties are properly stated.

(d)      The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.      Amendments to the Pleadings:**
Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary:

The Commission may amend the Complaint to add additional allegations and/or claims against the Defendants, and respectfully asks that the Court grant it until January 28, 2022 to do so.  Depending on any amendments to the Complaint that the Commission may seek, Southport requests that the Court grant it through and including February 16, 2022 to answer or otherwise respond to said amendments unless the Federal Rules of Civil Procedure or the Court's Local Rules afford Southport a longer answer or response time.

(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.   Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of  discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

 (c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F

**8.   Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The Commission, Woods, and Southport will exchange initial disclosures by

January 17, 2022.

**9.   Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

No.

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties believe that the issues on which discovery may be needed include,

but are not limited to:

(a)      Whether the respective Defendants committed securities fraud;

(b)     Whether the respective Defendants received ill-gotten gains and, if so,

the amount of those ill-gotten gains;

(c)     Whether the respective Defendants' defenses have merit; and

(d)     Whether the Commission is entitled to the relief against the respective

Defendants sought in the Complaint.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

At this time, the Commission, Woods, and Southport believe that discovery can be completed during the prescribed period (August 1, 2022).

**11.     Discovery Limitation:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

(b) Is any party seeking discovery of electronically stored information?

____X____ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have conferred regarding the production of electronically stored information and do not have any disputes at this time.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have conferred regarding the format of the production of electronically stored information and do not have any disputes at this time.  The parties agree to confer regarding any issues with respect to the format for the production of any additional electronically stored information that may be produced in this matter.

## 12.     Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties agree that depositions may be taken remotely with the consent of the parties.  The parties ask that the Court require any expert disclosures to be made by May 13, 2022, with rebuttal expert disclosures due by June 15, 2022.  The parties also anticipate asking the Court to enter a protective order that addresses the production and use of confidential information in this litigation.  In addition, nothing in the Court's scheduling order shall impact the Court's other orders in this case, including the order appointing the Receiver over Horizon III and the order approving a liquidation plan in this matter.

## 13.   Settlement Potential:

 (a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 18, 2021 (as well as prior discussions) and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  Harry B. Roback, Senior Trial Counsel for the Commission.

Other participants:  M. Graham Loomis.

For Defendant Woods: Lead counsel (signature):  David M. Chaiken.

Other participants:  Stephen D. Councill

For Defendant Southport:  Gerald B. Kline

Other participants:  Anthony L. Cochran

For Horizon III:  Receiver A. Cotten Wright

Other participants:  Michael L. Martinez

   (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:
   (_____) A possibility of settlement before discovery.
   (___X___) A possibility of settlement after discovery.
   (_____) A possibility of settlement, but a conference with the judge is needed.
   (_____) No possibility of settlement.

   (c) Counsel(___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

   (d) The following specific problems have created a hindrance to settlement of this case.

   The parties have had discussions to determine whether they can resolve this matter without further Court intervention.  At this time, the parties are not able to resolve this case.  The parties will continue, however, to discuss the possible resolution of this case.

**14.    Trial by Magistrate Judge:**

   Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

   (a) The parties (____) do consent to having this case tried before a magistrate judge of this court.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

Dated:  December 16, 2021          Respectfully submitted,

/s/ *Harry B. Roback*
M. Graham Loomis (GA Bar No. 457868)
Harry B. Roback (GA Bar No. 706790)
U.S. Securities and Exchange Commission
950 East Paces Ferry Road, NE, Suite 900
Atlanta, GA 30326
Tel:  (404) 942-0690
Facsimile:  (404) 842-7679
RobackH@sec.gov

Attorneys for Plaintiff

/s/ *Stephen D. Councill*              /s/ *David M. Chaiken*
Stephen D. Councill                    David M. Chaiken
Georgia Bar No. 190358                 Georgia Bar No. 118618
COUNCILL, GUNNEMANN &                  CHAIKENLAW LTD.
CHALLY, LLC                            One Atlantic Center
1201 Peachtree Street, NE              1201 W. Peachtree Street, Suite 2300
Building 400, Suite 100                Atlanta, Georgia 30309
Atlanta, Georgia 30361-3507            (404) 795-5005 (Phone)
Tel: 404-407-5250                      (404) 581-5005 (Facsimile)
Fax: 404-600-1624                      david@chaiken.law
scouncill@cgc-law.com

Counsel for Defendant John J. Woods

/s/ *Gerald B. Kline*
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
(678) 336-7176
gkline@taylorenglish.com

15

Counsel for Defendant Southport Capital

*/s/  A. Cotten Wright*
A. Cotten Wright (N.C. Bar No. 28162)
Michael L. Martinez (N.C. Bar No. 39885)
Grier Wright Martinez, PA
521 E. Morehead St., Ste. 440
Charlotte, NC 28202
704-332-0209
cwright@grierlaw.com

Receiver for Defendant Horizon Private
Equity, III, LLC

## **<u>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1B</u>**

I hereby certify that the foregoing has been computer processed with 14

point New Times Roman Font in compliance with the United States District Court

for the Northern District of Georgia Local Rule 5.1B

/s/ Harry B. Roback
Harry B. Roback

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the

foregoing document by filing it with the Clerk of Court using the CM/ECF system.


/s/ Harry Roback
Harry Roback