## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## (ATLANTA DIVISION)

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION FILE NO. 1:21-CV-03413-SDG** |
| **JOHN J. WOODS; LIVINGSTON GROUP ASSET MANAGEMENT COMPANY d/b/a SOUTHPORT CAPITAL; AND HORIZON PRIVATE EQUITY, III, LLC,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT LIVINGSTON GROUP ASSET MANAGEMENT COMPANY d/b/a SOUTHPORT CAPITAL TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Livingston Group Asset Management Company d/b/a Southport Capital ("Southport"), and hereby responds *seriatim* to the allegations in Plaintiff's Amended Complaint (the "Amended Complaint") as follows:

## RESPONSES AS TO ALLEGED "OVERVIEW"

### 1.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations regarding said alleged investors, said alleged "Ponzi" scheme, said alleged money raising activities and said alleged monies owed

02235424-2

or that were/are being raised.  Southport admits that it is a registered investment adviser firm and admits that Defendant Woods has previously been involved in its operations as an investment adviser firm.  Southport denies that Mr. Woods controls or has direct ownership of Southport. Southport denies all allegations of wrongdoing stated or inferred in said Paragraph.

2.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations regarding what Defendant Woods and/or any so-called "cohorts" – whether or not affiliated  with Southport -- may have told or may have failed to tell any investors about Horizon.   Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

3.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations but denies liability to any Horizon investors. Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

4.

Southport admits that it is an SEC-registered investment  adviser that has client assets under management.  Southport states that Mr. Woods is not in charge

of it and is not its direct majority owner. Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

5.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations regarding the Horizon entity and Mr. Woods. Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

6.

Said allegations state the Plaintiff's beliefs, conclusions, predictions  or speculations, which require no response from Southport.  Nonetheless, Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

## RESPONSES AS TO ALLEGED "VIOLATIONS"

7.

Southport denies that it has violated said statutes and demands strict proof thereof.

8.

Southport denies that it has engaged in unlawful acts or practices or has aided or abetted any persons in conducting any alleged wrongdoings.  Southport further denies that it violated said statutes and demands strict proof thereof.  Southport is

3

without knowledge or information sufficient to form a belief as to the truthfulness or accuracy of the Commission's legal conclusions in the concluding sentence of said Paragraph.

9.

Southport denies that it has violated said statutes, demands strict proof thereof.

## **RESPONSES AS TO ALLEGED "JURISDICTION AND VENUE"**

10.

Southport denies that it has violated said enumerated statutes and demands strict proof thereof; denies that it should be enjoined; and further denies that the Commission is entitled to relief against it.

11.

Southport admits this Court's jurisdiction but denies any wrongdoing.

12.

Southport denies said allegations.

13.

Southport admits that it maintains an office in this judicial district. Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations in said Paragraph.  Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

4

14.

Southport denies said allegations and states that the Court has previously denied the Commission's motion in this proceeding to restrain and enjoin Southport.

## RESPONSES AS TO ALLEGED "THE DEFENDANTS"

15.

Southport admits that Mr. Woods resides in north Georgia, that at previous times he was Southport's majority owner and that he was previously involved in Southport's operations. Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of said Paragraph. Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

16.

Southport admits it is a Delaware corporation; has its principal place of business in Chattanooga; and is SEC-registered. Southport denies that it has reported assets under management in the alleged amount.  Southport denies the remaining allegations of said Paragraph.

17.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

02235424-2

## RESPONSES AS TO "THE FRAUDULENT SCHEME"

18.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

19.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

20.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

21.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

22.

Southport admits that at a certain point in time, the person who Southport understands to be the "Brother" became affiliated with Southport. Otherwise, Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

23.

02235424-2

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

24.

Southport admits that at a certain point in time, the person who Southport understands to be the "Cousin" became affiliated with Southport. Otherwise, Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

25.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

26.

Southport admits that Mr. Woods began actively working at Southport at a certain point.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said remaining allegations.

02235424-2

27.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.   Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

28.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.   Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

29.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.   Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

30.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.   Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

31.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.   Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

32.

Southport states that its duties to its clients are set forth under governing law and that said Paragraph is merely a conclusion as to said law.  Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

33.

Southport admits that it seeks to cultivate trusting relationships with its clients whether the relationship's duration is long or short.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of remainder of the allegations  in said Paragraph.    Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

34.

Southport can neither admit nor deny the first sentence of said Paragraph, which is unclear.  Southport denies that each and every one of its advisors allegedly engaged in matters involving Horizon.   Southport is without knowledge or

02235424-2

information sufficient to form a belief as to the truthfulness of the remaining allegations in said Paragraph.

35.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in said Paragraph.  Southport denies all allegations of wrongdoing asserted or inferred against it and all its advisors and employees in said Paragraph.

36.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in said Paragraph.  Southport denies all allegations of wrongdoing asserted or inferred against it and all its advisors and employees in said Paragraph.

37.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in said Paragraph.  Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

38.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in said Paragraph.   Southport denies all allegations of wrongdoing asserted or inferred against it in said Paragraph.

39.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in said Paragraph.   Southport denies all allegations of wrongdoing asserted or inferred against it and the totality of its advisors and employees in said Paragraph.

40.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

41.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

42.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

43.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

44.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

45.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

46.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

47.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

48.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

02235424-2

49.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

50.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

51.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

52.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

53.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

54.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

55.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

56.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

57.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

58.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the first sentence in said Paragraph and the allegations regarding Mr. Woods and the investors in the second and third sentences thereof. Southport denies all remaining allegations of wrongdoing asserted or inferred against it in said Paragraph.

59.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

14

## RESPONSES TO ALLEGED "WOODS' EFFORTS TO COVER SCHEME"

60.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations and further states that the phrasing of said allegations is in part confusing and thus, unclear.

61.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

62.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations and cannot readily identify the alleged transactions and litigation described therein.

63.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations and cannot readily identify the alleged transactions and litigation described therein.

64.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

15

65.

Southport admits that the Commission conducts certain activities and conducts certain on-site examinations of SEC-registered investment advisers to the extent allowed and/or required under governing law.

66.

Southport acknowledges that to the extent allowed and/or required under governing law, SEC examiners with whom Southport has dealt consider certain issues during their examinations, including potential outside business activities and potential self-interest.  Southport denies said allegations to the extent they assert or infer any Southport wrongdoing.

67.

Southport admits said allegations.

68.

Southport admits that the Examinations staff discussed matters with Mr. Woods during the 2018 examination about his ownership interest in Southport through an entity called "Horizon."

69.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations.

70.

Southport admits that the SEC sought certain written responses to SEC questions.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the   remaining allegations in said Paragraph, as the referenced email is not attached to the Amended Complaint.

71.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations, as the referenced email is not attached to the Amended Complaint. Moreover, the language in the subject email would speak for itself.

72.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations, as the referenced email is not attached to the Amended Complaint. Moreover, the language in the subject email would speak for itself.

73.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations, as the referenced email is not attached to the

Amended Complaint. Moreover, the language in the subject email would speak for itself.

74.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations, as the referenced email is not attached to the Amended Complaint. Moreover, the language in the subject email would speak for itself.

75.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations, as the referenced email is not attached to the Amended Complaint. Moreover, the language in the subject email would speak for itself.

76.

Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations

77.

Admitted.

78.

Southport denies said allegations against it.

18

**RESPONSES AS TO COUNT I – ALLEGED FRAUD**
**Violations of Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)]**
**(All Defendants)**

79.

Southport incorporates its responses to Paragraphs 1 through 78 hereinabove as if said responses were fully set forth herein.

80.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

81.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

82.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

02235424-2

83.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

## RESPONSES AS TO COUNT II – ALLEGED FRAUD
**Violations of Sections 17(a)(2) and 17(a)(3) of the Securities At [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] (All Defendants)**

84.

Southport incorporates its responses to Paragraphs 1 through 78 hereinabove as if said responses were fully set forth herein.

85.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

86.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

**RESPONSES AS TO COUNT III – ALLEGED FRAUD**
**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)J and**
**Subsections (a), (b), and (c) of Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5**
**(a), (b), and (c)] (All Defendants)**

87.

Southport incorporates its responses to Paragraphs 1 through 78 hereinabove as if said responses were fully set forth herein.

88.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

89.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

90.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

02235424-2

**RESPONSES AS TO COUNT IV – ALLEGED FRAUD**
**Violations of Sections 206(1) of the Advisers Act [15 U.S.C. § 80b-6(l)]**
**(Defendants Woods and Southport)**

91.

Southport incorporates its responses to Paragraphs 1 through 78 hereinabove as if said responses were fully set forth herein.

92.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

93.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

94.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

22

02235424-2

## RESPONSES AS TO COUNT V – ALLEGED FRAUD
### Violations of Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)]
### (Defendants Woods and Southport)

95.

Southport incorporates its responses to Paragraphs 1 through 78 hereinabove as if said responses were fully set forth herein.

96.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

97.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

## RESPONSES AS TO COUNT VI – ALLEGED FRAUD
### Violations of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder
### [15 U.S.C. § 80b-6(4) & 17 C.F.R. § 206(4)-8]
### (Defendants Woods and Southport)

98.

Southport incorporates its responses to Paragraphs 1 through 78 hereinabove as if said responses were fully set forth herein.

02235424-2

99.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

100.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

**RESPONSES AS TO COUNT VII – ALLEGED AIDING AND ABETTING**

101.

Southport incorporates its responses to Paragraphs 1 through 90 hereinabove as if said responses were fully set forth herein.

102.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

24

103.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

104.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

**RESPONSES AS TO COUNT VIII – ALLEGED AIDING AND ABETTING**

105.

Southport incorporates its responses to Paragraphs 1 through 78  and 91 through 97 hereinabove as if said responses were fully set forth herein.

106.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

02235424-2

107.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

108.

Southport denies said allegations as to itself.  Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said allegations as to the remaining Defendants.

## COUNT IX – CONTROL PERSON LIABILITY (FRAUD)

### Violations of Section 20(a) of the Exchange Act
### [15 U.S.C. § 78t(a)]
### (Against Woods)

109.

Southport incorporates its responses to Paragraphs 1 through 78 and 87 through 90 hereinabove as if said responses were fully set forth herein.

110.

Southport denies said allegations to the extent that they state or imply that Southport has engaged in any wrongdoing. Southport is without knowledge or information sufficient to form a belief as to the truthfulness of the remainder of said allegations.

26

111.

Southport denies that it has engaged in any wrongdoing or committed any violations. Southport is without knowledge or information sufficient to form a belief as to the truthfulness of said the remainder of said allegations.

112.

Southport denies each and every allegation of the Amended Complaint that it has not otherwise expressly admitted, denied or otherwise affirmatively answered in Paragraphs 1 through 111 hereinabove.

### **AFFIRMATIVE DEFENSES**

### FIRST AFFIMATIVE DEFENSE

The Amended Complaint fails to state claims against Southport upon which relief can be granted.

### SECOND AFFIMATIVE DEFENSE

Plaintiff has failed to plead its fraud-based allegations against Southport with particularity.

### THIRD AFFIMATIVE DEFENSE

The Amended Complaint is barred in whole or part by controlling statutes of limitations.

02235424-2

## FOURTH AFFIMATIVE DEFENSE

The Amended Complaint is barred by the doctrine of laches.

## FIFTH AFFIMATIVE DEFENSE

The Amended Complaint is barred by the doctrine of estoppel.

## SIXTH AFFIMATIVE DEFENSE

Southport has not engaged in the alleged transactions, dealings, acts, commissions and/or omissions of third parties that have allegedly caused the liabilities and damages claimed and described in the Amended Complaint.

## SEVENTH AFFIMATIVE DEFENSE

Southport has not breached any of the statutory or common law duties imposed upon it that are described in the Amended Complaint.

## EIGHTH AFFIMATIVE DEFENSE

Plaintiff's asserted claims and damages were caused, if at all, by intervening events over which Southport had no control in, was not involved in and for which it is not responsible and hence, not liable.

## NINTH AFFIMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages although Southport denies it has engaged in any conduct whereby the Plaintiff has suffered damages.

Southport reserves the right to plead additional affirmative defenses subject to its investigation and discovery activities in the course of this civil proceeding.

**WHEREFORE,** Defendant Southport prays:

A. That the Plaintiff take nothing and that judgment be entered in Southport's favor on all Counts and claims asserted in Plaintiff's Amended Complaint;

B. That all costs accrued in this proceeding be taxed upon the Plaintiff;

C. That Southport have such other and further relief as shall be just, equitable and proper; and

D. That Southport have TRIAL BY JURY pursuant to Fed.R.Civ.P. 38 upon all issues so triable in this proceeding.

Respectfully submitted, this 9th day of February, 2022.

*/s/ Gerald B. Kline*
Gerald B. Kline, Esq.
Georgia Bar No. 425175
gkline@taylorenglish.com

**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(770) 434-6868 (telephone)
(770) 434-7376 (facsimile)

02235424-2

*s/ Anthony L. Cochran*
Anthony L. Cochran
Georgia Bar No. 172425
acochran@sgrlaw.com

**SMITH, GAMBRELL & RUSSELL, LLP**
1105 West Peachtree Street, NE
Suite 1000
Atlanta, Georgia  30309
(404) 815-3799 (office)
(404) 685-7099 (facsimile)

*Attorneys for Defendant Livingston
Group Asset Management Company
d/b/a Southport Capital*

30

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing *Answer Of Defendant Livingston Group Asset Management Company d/b/a Southport Capital to Plaintiff's Amended Complaint* has been prepared in accordance with Local Rule t.1(C) using 14-point Times New Roman font.

Respectfully submitted, this 9th day of February, 2022.

*/s/ Gerald B. Kline*
Gerald B. Kline, Esq.
Georgia Bar No. 425175
gkline@taylorenglish.com

**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(770) 434-6868 (telephone)
(770) 434-7376 (facsimile)

*s/ Anthony L. Cochran*
Anthony L. Cochran
Georgia Bar No. 172425
acochran@sgrlaw.com

31

**SMITH, GAMBRELL & RUSSELL, LLP**
1105 West Peachtree Street, NE
Suite 1000
Atlanta, Georgia  30309
(404) 815-3799 (office)
(404) 685-7099 (facsimile)

*Attorneys for Defendant Livingston*
*Group Asset Management Company*
*d/b/a Southport Capital*

02235424-2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 9th day of February, 2022.

*/s/ Gerald B. Kline*
Gerald B. Kline, Esq.
Georgia Bar No. 425175
gkline@taylorenglish.com

**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(770) 434-6868 (telephone)
(770) 434-7376 (facsimile)


*s/ Anthony L. Cochran*
Anthony L. Cochran
Georgia Bar No. 172425
acochran@sgrlaw.com

**SMITH, GAMBRELL & RUSSELL, LLP**
1105 West Peachtree Street, NE
Suite 1000
Atlanta, Georgia  30309
(404) 815-3799 (office)
(404) 685-7099 (facsimile)

*Attorneys for Defendant Livingston Group Asset Management Company d/b/a Southport Capital*

33

02235424-2