**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: 1:21-cv-03413-SDG |
| v. | ) ) | |
| JOHN J. WOODS, LIVINGSTON GROUP ASSET MANAGEMENT COMPANY d/b/a SOUTHPORT CAPITAL, and HORIZON PRIVATE EQUITY, III, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER OF DEFENDANT JOHN J. WOODS TO**
**PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant John J. Woods, by and through his counsel, and answers Plaintiff's Amended Complaint as follows:

1.      Defendant admits that Horizon Private Equity, III, LLC controlled the registered investment adviser named Livingston Group Asset Management Company d/b/a Southport Capital, but denies any and all remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

1

3.      Defendant lacks knowledge and information sufficient to form a belief as to whom investors trusted and whether they stood to lose significant portions of their retirement savings, and therefore denies such allegations, and denies any and all remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.      Defendant admits that Southport is registered with the SEC and that it had more than $824,000,000 in client assets under management, but denies any and all remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.      Defendant admits that Horizon currently has no offices or employees and that he controlled Horizon and its assets, but denies any and all remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10.     The allegations in Paragraph 10 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the paragraph.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint except to the extent that specific transactions, acts, practices, and courses of business alleged in this complaint are admitted which involve use of the mails and the means and instrumentalities of interstate commerce.

13.     Defendant admits that he resides in this judicial district, defendant Southport maintains an office located in this judicial district, defendant Horizon's principal place of business is located in this judicial district, and certain investors in Horizon reside in this judicial district, but denies any and all remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.     Defendant admits that he is age 56, is a resident of Marietta, Georgia, and has been in the securities industry since at least 1989.  He further admits that he has passed the Series 7, Series 63 and Series 65 securities licensing examinations, but

denies any and all remaining allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.     Defendant admits that Livingston Group Asset Management Company, Inc. d/b/a Southport Capital is a Delaware corporation with its principal place of business in Chattanooga, Tennessee. Defendant further admits that Southport is an SEC-registered investment adviser which had reported assets under management of $824 million and that he was recently the President of Southport and controlled a majority ownership interest in it, but denies any and all remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17.     Defendant admits that Horizon Private Equity, III, LLC is a Georgia limited liability company with its principal place of business in Atlanta, Georgia and that John Woods was the company's registered agent when it was formed. He further admits that Horizon was not registered with the Commission and that he was at certain times an authorized signatory on the bank accounts of Horizon into which investor funds were deposited, and he ultimately controlled the use and disposition of those funds, but denies any and all remaining allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.     Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

4

19.     Defendant admits that he solicited investments for Horizon in 2008 and that Horizon continued making interest payments to several investors who first invested in Horizon in 2008, but denies any and all remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.     Defendant admits that he told certain investors that Horizon would pay a fixed rate of return and that investors could get their principal back without penalty subject to a waiting period, but denies the remaining allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21.     Defendant did not disclose any interest in or relationship with Horizon to the institutional investment adviser in which he was employed in 2008, and denies the remaining allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24.     Defendant admits that he has a cousin who left an institutional investment adviser and went to work for Southport, and lacks knowledge and information sufficient to form a belief as to what his cousin said to any investors in

Horizon, and therefore denies such allegations, and further denies any and all remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.     Defendant admits that he did not disclose his affiliation with Horizon to the SEC, and denies any and all remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint, and therefore denies such allegations.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.     Defendant admits that he did not tell all investors in Horizon that their funds would or could be used to make payments to earlier investors, either for the payment of interest or for the return of principal.  Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of Plaintiff's Amended Complaint, and therefore denies such allegations.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.     Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.     Defendant admits that Woods and Southport's investment advisers cultivated relationships of trust with Southport's clients.  Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint, and therefore denies such allegations.

34.     Defendant denies that Southport's advisers often convinced their clients to invest in Southport.  Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint, and therefore denies such allegations.

35.     Defendant admits that his cousin and another Southport investment adviser representative received approximately $600,000 and $400,000 from Horizon during the period January 1, 2019 to May 28, 2021, but denies that all of this compensation was because they convinced their clients to invest in Horizon.

36.     Defendant admits the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38.     Defendant admits the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint, and therefore denies such allegations.

40.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint, and therefore denies such allegations.

41.     For a limited period of time, Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42.     For a limited period of time, Defendant admits the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43.     For a limited period of time, Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44.     Defendant admits the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46.     Defendant denies that he has been running a Ponzi scheme—including a massive and ongoing Ponzi scheme—and lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of Plaintiff's Amended Complaint, and therefore denies such allegations.

47.     Defendant admits that Horizon used accounts at Bank of America and IBERIABANK (the "Horizon Accounts") to receive money from and send money to Horizon investors, and denies the remaining allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint, and therefore denies the same.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52.     Defendant denies that Horizon paid $170,000 for a credit card in his name.  Defendant lacks information and knowledge sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 52 of Plaintiff's Amended Complaint, and therefore denies such allegations.

53.    Defendant admits that Horizon's IBERIABANK account has a balance of $684,024 on April 1, 2021, and that an investor deposited $250,000 on March 31, 2021 and investors deposited $150,000 on March 29, 2021.  Defendant denies that the alleged pattern holds true and lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of Plaintiff's Amended Complaint, and therefore denies such allegations.

54.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint, and therefore denies such allegations.

55.    Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint, and therefore denies such allegations.

58.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint, and therefore denies such allegations.

59.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of Plaintiff's Amended Complaint, and therefore denies such allegations.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63.     Defendant denies that he denied having any relationship with Southport or Horizon.  Defendant admits that a significant number of Institutional Investment Adviser's customers had invested in Horizon at that time.  Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of Plaintiff's Amended Complaint, and therefore denies such allegations.

64.     Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegation that Founder does not believe he ever spoke with the

Institutional Investment Adviser's compliance team contained in Paragraph 64 of Plaintiff's Amended Complaint, and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.    Defendant admits the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint, and therefore denies such allegations.

67.    Defendant admits the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68.    Defendant admits the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69.    Defendant admits the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70.    Defendant admits the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71.    Defendant admits the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72.    Defendant admits the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73.     Defendant admits the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74.     Defendant admits the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

75.     Defendant admits the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.

77.     Defendant admits the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

## COUNT I

79.     Defendant incorporates by reference the responses contained in Paragraphs 1 through 78 of his Answer fully and completely as if set forth herein.

80.     Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82.    Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

83.    Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.

## COUNT II

84.    Defendant incorporates by reference the responses contained in Paragraphs 1 through 83 of his Answer fully and completely as if set forth herein.

85.    Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.

86.    Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.

## COUNT III

87.    Defendant incorporates by reference the responses contained in Paragraphs 1 through 86 of his Answer fully and completely as if set forth herein.

88.    Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

89.    Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

90.    Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.

**COUNT IV**

91.    Defendant incorporates by reference the responses contained in Paragraphs 1 through 90 of his Answer fully and completely as if set forth herein.

92.    Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93.    Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

94.    Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint.

**COUNT V**

95.    Defendant incorporates by reference the responses contained in Paragraphs 1 through 94 of his Answer fully and completely as if set forth herein.

96.    Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint.

97.    Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint.

**COUNT VI**

98.    Defendant incorporates by reference the responses contained in Paragraphs 1 through 97 of his Answer fully and completely as if set forth herein.

99.    Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint.

100.   Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

## COUNT VII

101.   Defendant incorporates by reference the responses contained in Paragraphs 1 through 100 of his Answer fully and completely as if set forth herein.

102.   Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint.

103.   Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Amended Complaint.

104.   Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint.

## COUNT VIII

105.   Defendant incorporates by reference the responses contained in Paragraphs 1 through 104 of his Answer fully and completely as if set forth herein.

106.   Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint.

107.   Defendant denies the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint.

108.   Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Amended Complaint.

## COUNT IX

109.   Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Amended Complaint.

110.   Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Amended Complaint.

111.   Defendant denies the allegations contained in Paragraph 111 of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Defendant acted in honest and reasonable reliance on the advice and experience of others, including legal professionals, as to matters within the area of their expertise and experience.

17

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, under applicable statutes of limitations.

## FOURTH DEFENSE

The headings in Plaintiff's Amended Complaint are not allegations requiring a response, but to the extent they are treated as allegations, they are denied.

## FIFTH DEFENSE

Defendant denies all allegations in the Plaintiff's Amended Complaint unless expressly admitted herein.

## SIXTH DEFENSE

Defendant has submitted this Answer to the Amended Complaint, by and through his counsel, and has not waived his right to assert his Fifth Amendment privilege.

## SEVENTH DEFENSE

Defendant reserves the right to plead additional affirmative defenses as this case proceeds into discovery.

## JURY TRIAL DEMAND

Defendant hereby demands a trial by jury in this matter.

This 14th day of February, 2022.

/s/ Stephen D. Councill
Stephen D. Councill
Georgia Bar No. 190358
COUNCILL, GUNNEMANN &
CHALLY, LLC
1201 Peachtree Street, NE
Building 400, Suite 100
Atlanta, Georgia 30361-3507
Tel: 404-407-5250
Fax: 404-600-1624
scouncill@cgc-law.com

/s/ David M. Chaiken
David M. Chaiken
Georgia Bar No. 118618
CHAIKENLAW LTD.
One Atlantic Center
1201 W. Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 795-5005 (Phone)
(404) 581-5005 (Facsimile)
david@chaiken.law

*Counsel for Defendant John J. Woods*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| JOHN J. WOODS, LIVINGSTON GROUP ASSET MANAGEMENT COMPANY d/b/a SOUTHPORT CAPITAL, and HORIZON PRIVATE EQUITY, III, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION FILE NO.:
1:21-cv-03413-SDG

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing ANSWER OF DEFENDANT JOHN J. WOODS TO PLAINTIFF'S AMENDED COMPLAINT has been prepared in accordance with Local Rule 5.1(C) using 14-point Times New Roman font.

This 14th day of February, 2022.

/s/ David M. Chaiken
David M. Chaiken
Georgia Bar No. 118618

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| v. | ) ) | 1:21-cv-03413-SDG |
| JOHN J. WOODS, LIVINGSTON GROUP ASSET MANAGEMENT COMPANY d/b/a SOUTHPORT CAPITAL, and HORIZON PRIVATE EQUITY, III, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing document by filing it with the Clerk of Court using the CM/ECF system. That filing system will automatically send e-mail notification of such filing to the registered counsel of record.

This 14th day of February 2022.

*/s/ David M. Chaiken*
David M. Chaiken
Georgia Bar No. 118618

21