IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOHN J. WOODS, ET AL.,**<br><br>**Defendants.** | **CIVIL ACTION NO. 1:21-CV-3413-SDG** |

**ORDER GRANTING RECEIVER'S MOTION TO ABANDON INTEREST IN LAKEWOOD RANCH RISK MANAGEMENT LLC D/B/A SOUTHPORT CAPITAL RISK MANAGEMENT**

This matter came before the Court on the *Receiver's Motion to Abandon Interest in Lakewood Ranch Risk Management LLC d/b/a Southport Capital Risk Management* (the "Motion") filed on January 31, 2022, by A. Cotten Wright , the duly appointed receiver (the "Receiver") in this case, through counsel.  (Doc. No. 141).  On February 4, 2022, the Receiver filed her *Notice of Filing of Objection to Motion to Abandon Interest in Lakewood Ranch Risk Management, LLC d/b/a Southport Capital Risk Management* (Doc. No. 144) relative to correspondence from Michael Blanton objecting to the Motion (the "Objection").  The Court, having reviewed the Motion, the *Memorandum of Law* filed in support of the Motion, the

Objection, Receiver's Reply to the Objection [ECF 169], and the record in this case, and having been informed that the S.E.C. has no opposition to the Motion, has determined that it should be allowed. The Court therefore makes these Findings of Fact and Conclusions of Law, and enters this Order as follows:

1. On September 1, 2021, the Court entered its *Order Appointing Receiver* (the "Receivership Order") establishing a receivership in this case (the "Receivership").[1] (Doc. No. 26). In the Receivership Order, the Court included among the Receivership assets John J. Woods' membership interest in Lakewood Ranch Risk Management LLC ("LWRRM") d/b/a Southport Capital Risk Management (the "Woods LWRRM Interest"). (Doc. No. 26, p. 1-2).

2. On October 21, 2021, the Court entered its *Order Approving Liquidation Plan and Establishing Case Procedures* pursuant to which the Receiver was directed to "seek Court approval of the ultimate disposition of the equity interests in [LWRRM], through a pleading filed in this Case at the appropriate time." (Doc. No. 82, p. 3-4).

3. LWRRM's business has consisted primarily of selling life insurance policies, annuities, and long-term care insurance policies, often marketed to clients

---

[1] On September 10, 2021, the Court entered its *Order Amending Order Appointing Receiver to Correct Typographical Errors*. (Doc. No. 53).

of the related organization, Livingston Group Asset Management Company, which does business as "Southport Capital." LWRRM historically has had little recurring business.

4. On August 30, 2021, before the Receivership Order was entered, IBERIABANK declared a default as to a $500,000.00 loan made to LWRRM (the "Bank Loan") on the grounds that the Bank deemed itself insecure because of the allegations made in the Complaint that initiated this case. As of that date, the amount due on the Bank Loan was $501,593.75, which included interest of $1,593.75. IBERIABANK did not allege a payment default.

5. Other demands and litigation matters have since threatened the viability of LWRRM.

6. LWRRM's manager announced his intention to leave the company as of November 30, 2021.

7. Thereafter, on November 17, 2021, IBERIABANK placed a freeze LWRRM's bank account such that LWRRM was only be permitted to pay its ordinary course operating expenses. Thereafter, LWRRM agreed to make a one-time payment of $40,000 to IBERIABANK to be followed by monthly payments of $15,000.

8. LWRRM has not been generating new business and LWRRM agents have left the company, allegedly due to the implications of the Woods LWRRM Interest having been designated as an asset of the Receivership.

9. LWRRM receives approximately $3,000 to $4,000 per month in insurance renewal income, but that renewal income will not be sufficient to keep pace with IBERIABANK's monthly draws of $15,000. Additionally, certain state registrations must be renewed for LWRRM to be eligible to receive Medicare renewal payments.

10. Upon consideration of these factors and others, the Receiver determined that LWRRM is not a profitable enterprise that could be liquidated for the benefit of the Receivership Estate.

11. In the Motion, the Receiver requested that the Woods LWRRM Interest be abandoned because it is of inconsequential value and benefit to the Receivership and otherwise unduly burdensome to the Receivership Estate.

12. The Court concludes that abandonment of the Woods LWRRM Interest reflects the most efficient disposition of that asset and would be in the best interests of the Receivership Estate.

IT IS, THEREFORE, ORDERED that the Motion is GRANTED, the Objection is OVERRULED, and the interest held by John J. Woods in Lakewood Ranch Risk Management d/b/a Southport Capital Risk Management is abandoned as an asset of the Receivership Estate.

The Receiver is ORDERED to serve a copy of this Order on the Non-Party Objector by email and/or U.S. mail.

IT IS SO ORDERED this 2nd day of March, 2022.

STEVEN D. GRIMBERG
UNITED STATES DISTRICT JUDGE