IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>**Plaintiff,**<br><br>v.<br><br>**JOHN J. WOODS, et al.,**<br><br>**Defendants.** | Civil Action No.<br>1:21-cv-3413-SDG |

## RECEIVER'S MOTION FOR AUTHORITY TO PROVIDE INVESTORS' CONTACT INFORMATION TO CLAIMS BUYERS

A. Cotten Wright, the duly appointed receiver ("Receiver") in the above-captioned civil action (this "Case"), through counsel, hereby brings this *Receiver's Motion for Authority to Provide Investors' Contact Information to Claims Buyers* (this "Motion") and in support, respectfully represents as follows:

### INTRODUCTION

1. Through this Motion, the Receiver requests authority to provide contact information for investors ("Investors") who hold claims ("Claims," each a "Claim") for losses incurred as a result of their investments in Horizon Private Equity, III, LLC ("Horizon") to prospective purchasers of those Claims, subject to a non-

1

disclosure agreement.

## BACKGROUND

2.	On September 1, 2021, the Court entered its *Order Appointing Receiver* (the "Receivership Order") establishing a receivership in this Case (the "Receivership Estate") as to Defendant Horizon and certain assets of Defendant John J. Woods.[1]  (Doc. No. 26).

3.	On May 25, 2022, the Receiver filed her *Motion for Approval of Claims Procedures Relative to Horizon Investor Claims* (the "Claims Procedures Motion") requesting entry of an Order establishing certain procedures for establishing the allowed amounts of Investors' Claims against the Receivership Estate.  (Doc. No. 219).  On June 21, 2022, the Court entered an Order granting the Claims Procedures Motion (the "Claims Procedures Order").  (Doc. No. 232).

4.	In accordance with the Claims Procedures Order, the Receiver mailed claim notices (the "Claim Notices") to Horizon Investors on July 8, 2022.  The Claim Notices provided information as to the total amount each Investor had put into Horizon, how much the Investor had received in distributions from Horizon, and the

---

[1]	On September 10, 2021, the Court entered its *Order Amending Order Appointing Receiver to Correct Typographical Errors*.  (Doc. No. 53).

net Claim amount for the Investor's Horizon account.[2]

5. Since mailing the Claim Notices, the Receiver has answered calls and responded to emails from Investors regarding the information about their Claims. As a result, some claim amounts have been adjusted or corrected. That process has continued.

6. In the meantime, one potential claims buyer (each a "Claims Buyer"), ASM Capital X, LLC ("ASM"), has expressed interest in bidding on Investor Claims against the Receivership Estate. A Claims Buyer invests in claims against bankrupt or receivership entities among other types of claims. A Claims Buyer provides a service to investors in receivership cases by making an immediate payment, in a discounted amount, on claims that are then assigned to the Claims Buyer.

7. ASM has requested that the Receiver provide contact information for Investors, subject to a non-disclosure agreement prohibiting the use of Investors' contact information for any purpose other than making offers to take assignments of Investors' Claims. Although ASM is the only Claims Buyer that has approached the Receiver to date, it is conceivable that others may do so as well.

8. The Receiver makes no recommendation as to whether any Investor

---

[2] The Receiver also mailed memoranda to certain Investors who records indicate received more in distributions from Horizon than they invested and those who received back from Horizon exactly what they put in.

should assign the Investor's Claim to a Claims Buyer; rather, the Receiver recognizes that some Investors may wish take advantage of an opportunity to receive cash sooner rather than later, even in a discounted amount.

9. Because no Claims Buyer would be offering to purchase an Investors' *shares* in Horizon, but rather only offering *to take an assignment of the Investor's Claim(s)*, Investors should consult their accountants or tax advisors as to any tax implications relative to assigning their Claims to a Claims Buyer.

## RELIEF REQUESTED

10. Through this Motion, the Receiver requests entry of an Order authorizing the release of Investors' contact information to ASM or any other Claims Buyers interested in taking assignments of Investor Claims that are deemed reputable and legitimate by the Receiver in her sole discretion, subject to the terms of a non-disclosure agreement and a means for Investors to opt out.

## BASIS FOR RELIEF

11. The relief requested in this Motion is based on the Receiver's general duty as a fiduciary for the Investor body to act in the best interests of Investors. In the view of the Receiver, Investors who are willing to accept a discounted distribution on their Claims should be afforded the opportunity to liquidate their Claims through a Claims Buyer.

12. On the other hand, Investors who are not interested in dealing with a Claims Buyer would be under no obligation to do so or even respond to a solicitation. Notwithstanding, Investors who wish to opt out of receiving information from any Claims Buyer may contact the Receiver at horizonreceivership@grierlaw.com to request that their contact information not be disclosed.

## **NOTICE**

13. The Receiver has consulted with the S.E.C. as to the relief requested herein and is informed that the S.E.C. takes no position on the Motion.

14. Notice of this Motion is being provided to all those parties who have requested notice in this Case, all Investors, and is being served in accordance with the Court's *Order Approving Liquidation Plan and Establishing Case Procedures* (Doc. No. 82). This Motion and related documents will be posted on the Horizon Receivership website at horizonreceivership.com.

15. For these reasons, and as more thoroughly discussed in the *Memorandum of Law* filed contemporaneously with this Motion, the Receiver respectfully requests that this Motion be allowed and that the Receiver be authorized to provide Investors' contact information to ASM or any other qualified Claims Buyer subject to the terms of a non-disclosure agreement and an opt-out mechanism. A proposed Order is attached here as Exhibit A.

WHEREFORE, the Receiver prays that the Court will enter an Order granting this Motion; authorizing the Receiver to provide contact information for Investors to any Claims Buyer as set forth herein; and providing such further relief as is just and proper.

This is the 30th day of September, 2022.

Respectfully submitted,

/s/  A. Cotten Wright
A. Cotten Wright (N.C. State Bar No. 28162)
Michael L. Martinez (N.C. State Bar 39885)
Grier Wright Martinez, PA
521 E. Morehead St., Ste. 440
Charlotte, North Carolina 28202
Phone: 704.375.3720
Fax: 704.332.0215
cwright@grierlaw.com

/s/ W. Russell Patterson, Jr.
W. Russell Patterson, Jr. Georgia Bar No. 566920
Ragsdale Beals Seigler Patterson & Gray, LLP
229 Peachtree St., NE, Suite 2400
Atlanta, GA 30303-1629
(404) 588-0500
wrpjr@rbspg.com
*Attorneys for the Receiver*