## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **CIVIL ACTION NO. 1:21-CV-3413-SDG** |
| **Plaintiff,** | |
| **v.** | |
| **JOHN J. WOODS, ET AL.,** | |
| **Defendants.** | |

## RECEIVER'S FIFTH REPORT

A. Cotten Wright as Receiver (the "Receiver") for assets of Defendant Horizon Private Equity, III, LLC (the "Horizon Assets") and the ownership interests that Defendant John J. Woods ("Woods") has in the following assets: (i) Livingston Group Asset Management Company d/b/a Southport Capital ("Southport Capital") and its holding company, Livingston Southport Investors, LLC (the "Southport Capital Interests"), (ii) Lakewood Ranch Risk Management LLC d/b/a Southport Capital Risk Management (the "Southport Capital Risk Management Interests"), and (iii) Chattanooga Professional Baseball, LLC (the "Chattanooga Baseball Interests," and together with the Southport Capital Interests and the Southport Capital Risk

Management Interests, the "Woods Assets"), files this *Receiver's Fifth Report* (this "Report") pursuant to this Court's *Order Appointing Receiver* (the "Receivership Order") entered on September 1, 2021.[1]  The Horizon Assets and the Woods Assets are referenced together herein as the "Receivership Assets" or the "Receivership Estate."   This report details the Receiver's activities for the period of July 1, 2022 through September 30, 2022 (the "Reporting Period") in conformance with paragraphs 54 and 55 of the Receivership Order.

## I.   SUMMARY OF RECEIVER'S ACTIVITIES

### A.   Summary of Operations.

By the date of the Receivership Order, Horizon had permanently ceased operations except for operating two rental properties, discussed further below.  As for the Woods Assets, the Receivership Order provided that the Receiver would have no authority to manage the operations of the underlying businesses.

(1)   Receivership Operations.  Early in the case, the Court entered Orders approving the Receiver's applications to employ the law firms of Ragsdale Beals Seigler Patterson & Gray, LLP and Grier Wright Martinez, PA to represent her in this case.  The Receiver also engaged the firm of Middleswarth, Bowers & Co.,

---

[1]   On September 10, 2021, the Court entered its Order Amending Order Appointing Receiver to Correct Typographical Errors.

L.L.P. ("Middleswarth Bowers") as her accountants and Stretto, Inc. to provide certain software, noticing, website, and electronic case management services. The Receiver set up a dedicated phone line for the calls from investors at 704-332-0216 and created an email address for the receivership (the "Receivership") at horizonreceivership@grierlaw.com. Court pleadings are available at horizonreceivership.com.

The Receiver determined that additional professional assistance with evaluating certain of the Receivership Assets would be beneficial to the Receivership Estate. During the prior reporting period, the Court authorized the Receiver to extend the previously approved engagement of Middleswarth, Bowers to include business valuation services, and authorized the Receiver to engage Great Neck Realty Company of North Carolina, LLC ("Great Neck") to serve as the Receiver's real property advisor.

The Court previously entered an Order approving the Receiver's proposed Liquidation Plan relative to the Receivership Assets.

(2)    Rental Property Operations. When this case was filed, Horizon was the owner of two real property assets both of which were leased to Southport Capital: an office condominium in Atlanta, Georgia (the "Atlanta Office") located at 3621 Vinings Slope SE, Suite 4450, Atlanta, Georgia, 30339, and a building located at

112 Mill Street, Greenville, KY, 42345 (the "Greenville Office").  During prior

reporting periods, the Receiver collected a total of $36,000 in rent for the Atlanta

Office and $7,500 in rent for the Greenville Office before both properties were sold

as indicated below.

(3)    Accounting. The Receivership Order charges the Receiver with

preparing:

> an initial accounting of all funds received by the defendants pursuant to
> the scheme described in the Commission's Complaint and of the
> disposition and use of said proceeds (the "Initial Accounting") . . . [to]
> include . . . the name and address of each investor in [Horizon] from
> 2008 to the present; the amount each investor invested in [Horizon] and
> the dates of each investment; the total amount received from investors
> in [Horizon]; all amounts returned to investors in [Horizon] and the
> dates of each interest payment or return of capital; and an explanation
> of what happened to any investors funds that were not returned to
> investors to the extent practicable.

(Doc. No. 26, p. 27.)  The Initial Accounting was to be completed within 90 days of

the Receivership Order, which resulted in a deadline of November 30, 2021. (Doc.

No. 26, p. 27.)   Through agreement and entry of a Consent Order, the deadline was

extended to April 29, 2022.

On April 29, 2022, the *Receiver's Report of Initial Accounting* was filed (the

"Initial Accounting"), reflecting a preliminary report on Investor transactions with

Horizon from 2008 through the date of the Receivership Order.  That information

was derived from records provided by the S.E.C. after the Receivership Order was

entered; documents provided in response to subpoenas served on banks and Provident Trust Group ("Provident Trust"); copies of Woods' Quicken files for Horizon; and some information from Oppenheimer. The Initial Accounting indicated that Horizon investors put in $132,142,913.59, and received back, whether characterized as principal or interest, $59,016,198.31, resulting in a net loss of $73,126,715.28; however, those figures were not broken down as between those Investors who received more than they put in (the "Net Winners") and those who did not ("Claimants").

The Receiver's accountants continued to update and refine the Initial Accounting, and on June 30, 2022, the Receiver filed her *Receiver's Report of Final Accounting*, attaching a summary of investor activity (the "Summary of Investor Activity") that was redacted to protect investor privacy.  The Receiver served copies of all investor activity, as determined by her accountants, on counsel for the S.E.C. and the defendants in this case on that same date.

The Summary of Investor Activity has been amended as a result of Investors' responses to and questions about the claim notices that were mailed to them during the Reporting Period.  Therefore, as of the close of the Reporting Period, the Summary of Investor Activity accounts for funds invested in Horizon ("Ins"), funds distributed to investors ("Outs"), and net losses ("Net") showed the following:

| | Investors | Outs | Ins | Net Loss/Winnings |
|---|---|---|---|---|
| 82 | Net Winners | (21,701,428.12) | 19,532,595.66 | (2,168,832.46) |
| 7 | Neutrals | (2,153,706.95) | 2,153,706.95 | $0.00 |
| 431 | Claimants | (42,702,292.88) | 113,307,201.25 | 70,604,908.37 |
| **517** | | **(66,557,427.95)** | **134,993,503.86** | **68,436,075.91** |

Additional information regarding Investors' Claims is provided below.

**B.    Cash on Hand**.

On September 9, 2021, the Receiver established an account for the Receivership Estate at Metropolitan Commercial Bank, N.A. (the "Receivership Account"), which account was insured to the maximum extent permitted by the F.D.I.C.  In order to properly account for the proceeds of the sale of Southport Capital (the "Sale Funds")[2] and distributions on claims against Southport Capital, during a prior reporting period, the Receiver opened a separate bank account in the name of the Receivership (the "Sale Funds Account") at Metropolitan Commercial Bank.[3]  Both accounts were established in conjunction with the Receivership Estate's software provider, Stretto.  On September 7, 2022, the Receivership Account and the Sale Funds Account were moved to TriState Capital Bank through

---

[2]    The Court entered an Order approving a settlement with Southport Capital, IBERIABANK and the Receiver on April 21, 2022, which included approval of the sale of Southport Capital's assets, with the Sale Funds to be paid to the Receivership Estate.

[3]    On June 7, 2022, the Court entered an Order establishing a claims process for claims against Southport Capital relative to claims against the Sale Funds.

a transfer process agreed to by the Receiver and overseen by Stretto. Those accounts are likewise insured to the maximum extent permitted by the F.D.I.C.

At the close of the Reporting Period, funds in the two accounts, less outstanding checks, totaled $17,574,051.50 in the Receivership Account and $162,297.02 in the Sale Funds Account, for a total of $17,736,348,50. No funds on deposit were encumbered by liens.

During the Reporting Period, the Court entered Orders allowing applications for compensation relative to the prior reporting period that were filed on behalf of the Receiver's professionals. All approved fees and expenses have been paid such that as of the close of the Reporting Period, there were no unpaid administrative expenses that had been approved by the Court.

### C.    Receipts and Disbursements

A report as to Receivership Account's receipts and disbursements through September 30, 2022 is attached as **Exhibit A**.

### D.    Description of Known Receivership Property.

**Exhibit B** consists of a list of the Receivership Assets as of the close of the Reporting Period.  The Receiver's initial source for information about the Horizon Assets was a chart prepared by Woods listing the Receivership Assets and his estimate of their value, which the Receiver understood reflected estimates of the

completion values of certain of the assets rather than their value as of the date of the Receivership Order.  On October 15, 2021, Woods provided information as to the net amount invested in the assets as of August 23, 2021 and information about certain additional assets; that information is included in Exhibit B.[4]

Unless an asset has been liquidated,[5] the values reflected here and in Exhibit B do not necessarily reflect actual market value.  Further, the Receiver has determined that certain assets have no value for the Receivership Estate.

The asset list is continuously updated as the Receiver either learns more about the values of the assets or as assets are liquidated.  Below is a brief description of the status of the Receivership Assets as of the close of the Reporting Period.

**<u>The Horizon Assets</u>**

(1)   <u>Bank Funds.</u> Early in this case, the Receiver obtained turnover of funds held in accounts owned by Horizon at TD Ameritrade and IBERIABANK as set out in Exhibit A.  During the Reporting Period, Provident Trust Group turned over $999.98 to the Receivership Estate.  The Receiver has not identified any additional

---

[4]     The asset values shown on Exhibit B reflect the net amounts that Woods indicated were invested in the assets.  In most cases, the Receivership Estate holds only fractional interests in the assets. The lien amounts shown reflect the full extent of any liens on the assets without regard to the fractional nature of Horizon's ownership interests.

[5]     An asset liquidation is shown as a "sale" on Exhibit B, and the funds obtained for each liquidated asset are listed as deposits on Exhibit A.

funds on deposit in Horizon's name.

(2)    <u>Real Property.</u>  There were two parcels of real property owned by the Receivership Estate when this case was filed.  Both were sold during prior reporting periods.

(a)    Atlanta Office.  The Receivership Estate owned an office condominium in Atlanta that was leased to Southport Capital through February, 2022.  That asset was sold, and the Receivership Estate realized net proceeds of $142,703.89 after the lien, taxes, and closing costs were paid.  During the Reporting Period, First Horizon Bank refunded $122.83 to the Receivership Estate, which reflected an overpayment of mortgage interest relative to the Atlanta Office.

(b)    Greenville Office.   On February 15, 2022, the Receivership Estate property in Greenville, KY was sold for a gross sale price of $110,000; net proceeds of $108,959.89 were deposited to the Receivership Estate's bank account.

(3)    <u>Investments in Limited Liability Companies, Limited Partnerships, and Private Equity Funds</u>.  Horizon funds were invested in a number of limited liability companies, limited partnerships, or private equity funds that hold interests in projects in varying stages of development.  The information provided here reflects a summary of the status of those assets as of the close of the Reporting Period.

(a)     Athletafied / RecruitU and Hardwood Sports, LLC.  The Receivership Estate owns a 47.5% interest in Hardwood Sports, LLC,  which in turn owns a 25% investment interest in a sports data collection company, Recruit U d/b/a Athletafied, that evaluates the skills of high school athletes.  According to information received from Woods, the initial investment in this entity was $110,000, and Horizon made a loan to the entity for $343,000, resulting in a net investment in Recruit U of $453,000.  Woods separately indicated that the net investment in Hardwood Sports, LLC was $333,000.

The Receiver's research, including calls with the other members and an attorney for Hardwood, LLC and Athletafied/Recruit U, revealed that Hardwood, LLC was formed as a holding company for Athletafied/ Recruit U.  Further, it owns Highlight U, which was formed to be social media platform and recruiting service for high school athletes.  It appears that although those entities were formed, they were not successful and are not currently operating entities.   At present, none of the entities have employees, clients, or any assets.  Therefore, the Receiver believes the value to the Receivership Estate in these entities is $0.00.

(b)     Battlefield Parkway Partners, LLC.  The Receivership Estate owns a 50% interest in this entity that owns a strip center located at 2705 Battlefield Pkwy, Fort Oglethorpe, GA.  This development project is subject to a lien of more than $5

million held by First Volunteer Bank. Woods indicated that Horizon's net investment in this asset was $924,782.84.

This entity is one of six in which Horizon and Clint Wolford are partners. The Receiver has been in negotiations with Mr. Wolford regarding a sale of the interests in all the Wolford-Horizon owned entities: Battlefield Parkway Partners, LLC, East Brainard Partners, LLC, EBES Partners LLC, Highway 153 Partners, LLC, The Shoppes of Valley Brook, LLC, and WW Partners LLC. Although no agreement had been reached by the close of the Reporting Period, discussions are continuing.

(c)     BI Developments LLC.  The Receivership Estate owned a 40% interest in an entity formed to redevelop a former JC Penny store in Chattanooga, TN.[6]  That development project was subject to a $1.7 million lien held by First Volunteer Bank that Woods caused Horizon to guaranty.  Woods had indicated that Horizon's net investment in this asset was $473,008.33.

During the prior reporting period, the Receiver had requested authority to sell the interests in BI Developments II, LLC and BI Developments III, LLC to the other holders of interests in those entities for a combined sale price of $100,000.  Counsel for Woods expressed concerns about the adequacies of that offer, which were

---

[6]     Initially, the Receiver was told that the Receivership Estate held a 50% interest in BI Developments LLC.

resolved by adding a provision for future payments to Horizon of a portion of any net profits resulting from sales of the underlying real properties should such sales occur within 365 days of the closing date.  On September 9, 2022, the Court entered an Order approving the sale of the related interests for $100,000 plus the contingency relative to future sales of the underlying real properties.  (Doc. No. 289).

(d)   BI Developments II, LLC.  The Receivership Estate owned a 50% interest in an entity formed to redevelop a former Sears store in Chattanooga, TN.[7] This development project was subject to a $3.0 million lien held by First Volunteer Bank that Woods caused Horizon to guaranty.   Woods indicated that Horizon's net investment in this asset was $1,206,580.  As noted above, the interests in this asset were sold along with the Receivership Estate's interests in BI Developments, LLC and BI Developments III, LLC for a combined total of $100,000, subject to a future payment should the underlying real property sell within 365 days.

(e)   BI Developments III, LLC.  The Receivership Estate owned a 70% interest in an entity formed to develop a parking area adjacent to a former Logan's Restaurant in Chattanooga, TN.  This development project was subject to a $385,281 lien held by First Volunteer Bank that Woods caused Horizon to guaranty.  Woods

---

[7]   Initially, the Receiver was told that the Receivership Estate held a 40% interest BI Developments II, LLC.

indicated that Horizon's net investment in this asset was $126,000.  As noted above, the interests in this asset were sold along with the Receivership Estate's interests in BI Developments, LLC and BI Developments II, LLC for a combined total of $100,000 plus to a future payment should the underlying real property sell within 365 days.

(f)     Birchwood II, LLC.  The Receivership Estate owned a 30% interest in an operating landfill in Hamilton County, TN, which was subject to a $1.6 million lien held by Pinnacle Bank.  Woods indicated that Horizon's net investment in this asset was $330,874.  During a prior reporting period, the Receivership Estate's interest in this entity was liquidated for $100,000.

(g)     BW Hunting Club, LLC.  The Receivership Estate held a 50% interest in an entity that owns property adjacent to the landfill owned by Birchwood II, LLC, in Hamilton County, TN.  Woods indicated that Horizon's net investment in this asset was $121,950.36.  During a prior reporting period, the holder of the other 50% interest in this asset purchased the Receivership Estate's interest for a purchase price of $151,935.00.

(h)     Croft and Bender Fund.  The Receivership Estate holds a 0.9218 % interest in a Nashville, TN private equity fund.  Thus far, the Receivership Estate has received $134,621.51 in distributions on this asset, including $51,759.83

received during the Reporting Period. Woods indicated that Horizon's net investment in this asset was $112,731.

(i)     Dynamo Fund I, L.P.  The Receivership Estate holds an 2.7778% investment in a Nashville, TN based private equity fund. Woods indicated that Horizon's net investment in this asset was $408,412.  During a prior reporting period, a distribution of $55,167 was wired to the Receivership bank account.

(j)     Dynamo-Skupos, LLC.  The Receivership Estate holds an interest in a San Francisco based start-up company, which is a special purchase vehicle of Dynamo Fund, I, L.P.   Woods indicated that Horizon's net investment in this asset was $57,866.

(k)     Dynamo-Stord SPV III.  The Receivership Estate holds an interest in an Atlanta-based software driven warehousing and fulfillment company, which is a special purchase vehicle affiliated with Dynamo Fund I, L.P.  Woods indicated that Horizon's net investment in this asset was $50,583.00.

(l)     East Brainard Partners LLC.  The Receivership Estate owns a 50% interest in an entity that owns a strip shopping center located in Chattanooga, TN. Tenants include Starbucks, Cell Surgeon, Crumbl, Pacific Dental and Pure Nail Salon. This project is subject to a $3.7 million lien held by Southeast Bank.  Woods indicated that Horizon's net investment in this asset was $1,292,288.

This entity is one of six in which Horizon and Clint Wolford are partners. The Receiver has been in negotiations with Mr. Wolford, regarding a sale of the interests in all the Wolford-Horizon owned entities: Battlefield Parkway Partners, LLC, East Brainard Partners, LLC, EBES Partners LLC, Highway 153 Partners, LLC, The Shoppes of Valley Brook, LLC, and WW Partners LLC. Although no agreement had been reached by the close of the Reporting Period, discussions are continuing.

(m)   EBES Partners LLC.   The Receivership Estate owns a 50% interest in an entity formed to develop property that has been rezoned for an apartment complex. This development project is subject to a $2.7 million lien held by First Volunteer Bank. Woods indicated that Horizon's net investment in this asset was $2,794,167.

This entity is one of six in which Horizon and Clint Wolford are partners. The Receiver has been in negotiations with Mr. Wolford, regarding a sale of the interests in all the Wolford-Horizon owned entities: Battlefield Parkway Partners, LLC, East Brainard Partners, LLC, EBES Partners LLC, Highway 153 Partners, LLC, The Shoppes of Valley Brook, LLC, and WW Partners LLC. Although no agreement had been reached by the close of the Reporting Period, discussions are continuing.

(n)   Highway 153 Partners LLC.   The Receivership Estate owns a 50% interest in an entity that owns a strip shopping center in Hixson, TN. Currently there

are six vacant commercial units available for rent.  This development project is subject to a $3.7 million lien held by Southeast Bank.  Woods indicated that Horizon's net investment in this asset was $1,961,497.

This entity is one of six in which Horizon and Clint Wolford are partners.  The Receiver has been in negotiations with Mr. Wolford, regarding a sale of the interests in all the Wolford-Horizon owned entities: Battlefield Parkway Partners, LLC, East Brainard Partners, LLC, EBES Partners LLC, Highway 153 Partners, LLC, The Shoppes of Valley Brook, LLC, and WW Partners LLC.  Although no agreement had been reached by the close of the Reporting Period, discussions are continuing.

(o)    MVP Studios, LLC.  The Receivership Estate owns a 50% interest in an entity formed to find film locations in Atlanta, GA.  Woods indicated that Horizon's net investment in this asset was $163,000.  The Receiver's research, including calls with the co-owner, revealed that this entity has no ongoing operations and no assets.  Financial information provided shows substantial liabilities.  The Receiver has determined that the value of this asset is $0.00.

(p)    Prepstar LLC.  The Receivership Estate holds an interest in an entity that owns a Los Angeles based football magazine.  Woods indicated that Horizon's net investment in this asset was $115,500.  The Receiver's research, including calls

with the prior president of the entity, reveals that this entity is no longer operating. The Receiver has determined that the value of this asset is $0.

(q)    ProNvest, Inc.  The Receivership Estate owns an interest in an entity that specializes in retirement planning and investment management.  Woods indicated that Horizon's net investment in this asset was $100,000.

(r)    Relevance Capital, III, LP.  The Receivership Estate owns a 3.676% interest in a Tennessee based private equity fund.  Woods indicated that Horizon's net investment in this asset was $427,500.

(s)    The Shoppes of Valley Brook LLC.  The Receivership Estate owns a 50% interest in an entity that owns three parcels in Hixson, TN, two of which are leased to third parties.  This project is subject to liens of about $1.1 million held by First Volunteer Bank.  Woods indicated that Horizon's net investment in this asset was $1,164,288.

This entity is one of six in which Horizon and Clint Wolford are partners.  The Receiver has been in negotiations with Mr. Wolford, regarding a sale of the interests in all the Wolford-Horizon owned entities: Battlefield Parkway Partners, LLC, East Brainard Partners, LLC, EBES Partners LLC, Highway 153 Partners, LLC, The Shoppes of Valley Brook, LLC, and WW Partners LLC.  Although no agreement had been reached by the close of the Reporting Period, discussions are continuing.

(t)     U.S. Sampleworks, LLC. The Receivership Estate owned a 12.069% interest in a company that sells online subscriptions to children's books.  Woods indicated that Horizon's net investment in this asset was $50,000.  On September 21, 2022, the Court entered an Order allowing Horizon's interests in this entity to be redeemed for total consideration of $12,000, to be paid in installments.  (Doc. No. 295).  At the close of the Reporting Period, the Receiver had collected $5,000 in installment payments.

(u)     WW Outdoor Media, LLC.  This entity completed a project and disbursed profits to Horizon and other interest holders before the date of the Receivership.  During the Reporting Period, the Receiver learned that there is approximately $9,100.00 in the account for this entity, but the final tax returns had not been filed.  Accordingly, the Receiver was informed that it is unlikely there will be additional funds available for distribution to the Receivership Estate once the final accounting and tax returns have been completed.  The Receiver believes that the remaining value of this asset is $0.00.

(v)     WW Partners LLC.  The Receivership Estate owns a 50% interest in an entity that owns restaurant property in Hixson, TN that is currently leased to a third party.  This project is subject to a $1.35 million lien held by Pinnacle Bank.  Woods indicated that Horizon's net investment in this asset was $522,208.

This entity is one of six in which Horizon and Clint Wolford are partners. The Receiver has been in negotiations with Mr. Wolford, regarding a sale of the interests in all the Wolford-Horizon owned entities: Battlefield Parkway Partners, LLC, East Brainard Partners, LLC, EBES Partners LLC, Highway 153 Partners, LLC, The Shoppes of Valley Brook, LLC, and WW Partners LLC. Although no agreement had been reached by the close of the Reporting Period, discussions are continuing.

(w)   Car Wash Station, LLC. Post-Receivership, one of the four parcels of land previously owned by The Shoppes of Valley Brook LLC was transferred, with the Receiver's consent, to Car Wash Station, LLC. During a prior reporting period, the Receiver negotiated with the co-owners regarding a buyout of the Receivership Estate's interest held in Car Wash Station, LLC which was approved by the Court on May 20, 2022. The Receivership Estate received a total of $112,535.00 for the interest in Car Wash Station, LLC.

(4)   <u>Loans Receivable</u>. Horizon funds were loaned to various debtors. The information below reflects a summary of those assets listed on Exhibit B as of the close of the Reporting Period.

(a)   Loan Receivable from Horizon Private Equity, LLC. The Receivership Estate is owed $25,000.00 relative to an outstanding loan made to Horizon Private

Equity, LLC on August 31, 2020.  The Receiver has made demand for payment and will continue with attempts to collect the amount due.

(b)     Loan Receivable from James Woods.  A loan that was made to James Woods in 2010 was satisfied in full on September 21, 2022 in connection with resolution of Mr. Woods claim against Southport Capital.  (*See* Doc. No. 293).  The Receivership Estate received $17,005.35.

(c)     Loan Receivable from USA Sands LLC.  The Receivership Estate is owed $50,000.00 on a loan to a company involved in bomb detection technology. The Receiver has made demand for payment and will continue with attempts to collect the amount due.

**The Woods' Assets**

(1)     Southport Capital Interests.  The Receivership Order provided that Woods' 66% majority interest in Southport Capital would be included as a Receivership Asset.  During a prior reporting period, Southport Capital appointed a new board of directors that, in turn, engaged an investment advisor to market Southport Capital's assets for sale.  Also during a prior reporting period, the Court entered an Order granting the Receiver's motion for a stay of actions against Southport Capital, its past or present officers, directors, managers, agents, employees, advisors, general or limited partners who may be sued for or in

connection with any action taken by them while acting in such capacity for a period of 180 days.  That stay was extended to October 11, 2022 pursuant to an Order entered on June 21, 2022.

During the prior reporting period, the Court entered an Order granting the Receiver's *Motion for Order Approving (I) Settlement with Southport Capital and IBERIABANK and (II) Sale of Southport Capital's Operating Assets, Free and Clear of Liens, Claims, Interests and Encumbrances* (the "Settlement and Sale Order"). Pursuant to the Settlement and Sale Order, sale proceeds of ($3,088,042.96) and funds from Southport Capital's bank account ($76,841.03) were deposited to the Sale Funds Account during a prior reporting period.  In addition, the Settlement and Sale Order provided that the Receivership Estate would receive $1,125,000 from a settlement between Southport Capital and Clay Parker; during the Reporting Period, the Receivership Estate collected the first $125,000 due to the Receivership Estate with respect to that agreement.

Also during the prior reporting period, the Court entered an Order (the "Southport Claims Order") approving a process for dealing with claims that third parties held against Southport Capital and thus the Sale Funds (the "Claims Against Southport").   Thereafter, the Receiver sent claims notices to all creditors of Southport Capital that had been identified to her, stating a deadline of July 20, 2022.

21

In a series of motions, the Receiver requested Court authority to make disbursements on the Claims Against Southport in accordance with the class designations and other provisions of the Southport Claims Order.[8]  At the close of the Reporting Period, the Court had approved distributions on all the Claims Against Southport, and distribution checks had been issued with respect to each of those Orders.

On July 27, 2022, the Receiver filed a motion for authority to pay certain post-sale expenses of Southport Capital with funds in the Sale Funds Account that were turned over to the Receivership Estate (Doc. No. 251); that motion was granted in an Order entered on August 18, 2022. (Doc. No. 268). Jennifer Greene, Southport Capital's former Chief Compliance Officer, has continued to assist with issues related to winding up Southport Capital in exchange for hourly compensation of $50.00 plus expenses.  Other ongoing expenses of Southport Capital are related to storage of electronic documents provided by Invicta Partners LLC and the minor expense of a storage unit to store hard copies of documents.

---

[8]     Those motions include Doc. No. 254, relative to Class 3 Claims Against Southport; Doc. No. 258, relative to Class 4 Claims Against Southport; and Doc. No. 287, relative to Class 5 Claims Against Southport.  The Court's Amended Order on Class 3 Claims Against Southport was entered on August 19, 2022 (Doc. No. 274), and the Court's Order on Class 5 Claims Against Southport was entered on September 28, 2022 (Doc. No. 297).  The motion regarding Class 4 Claims Against Southport drew an objection from James Woods (Doc. No. 278), which was overruled in the Court's Order entered on September 19, 2022 (Doc. No. 293).

(2)      <u>Southport Capital Risk Management Interests.</u>  The Receivership Order placed Woods's 79% interest in Southport Capital Risk Management (referenced hereinafter as "LWRRM") in the Receivership Estate.  During the prior reporting period, following a series of claims asserted against LWRRM that were beyond its ability to satisfy and the departure of that entity's manager, the Receiver obtained an Order allowing the interest in LWRRM to be abandoned as an asset of the Receivership Estate.

(3)      <u>Chattanooga Baseball Interests.</u>  During a prior reporting period, the Chattanooga Baseball Interests were liquidated, resulting in a payment to the Receivership Estate of $1,875,684.00.

**E.     <u>Description of Claims Held by the Receivership Estate</u>.**

According to the current status of the Summary of Investor Activity, there were 82 Net Winner Investors in Horizon.  The Receiver is informed and believes that about a fourth of those Net Winners are deceased.  The Receiver will make the appropriate recommendations as to those accounts in the months to come.

The Receiver has obtained some information as to potential claims against third parties but has not determined which claims would be appropriate to pursue.  Although the Receiver made considerable progress during the Reporting Period toward identifying viable claims against third parties, the Receiver's review of

potential claims remains ongoing.

**F.      List of Known Creditors**.

(1)      Investors.  Early in the case, the Receiver obtained an investor list that was prepared by Provident Trust and filed in this case by the S.E.C. in connection with its *Plaintiff's Motion for a Temporary Restraining Order and Other Emergency Relief* filed on August 20, 2021.  At present, it appears that 431 Investors hold claims against the Receivership Estate.

(2)      Secured Creditors.  As noted above, First Horizon Bank held a lien secured by the Atlanta Office property which was satisfied when that property was sold.  The Receiver has not identified any other claims that may be secured by Horizon's assets.

(3)      Vendors.  Certain expenses attributable to the Receivership Estate were billed to and paid by the Receiver's law firm.  Those expenses will be detailed in the firm's application for compensation.

(4)      Other Creditors.  The Receiver did not identify any other creditors during the Reporting Period.

**G.      Status of Claims Proceedings**.

On June 21, 2022, the Court entered an Order granting the Receiver's *Motion for Approval of Claims Procedures Relative to Horizon Investor Claims* (the

"Investor Claims Order") setting out procedures for verifying the Investors' Ins, Outs, and Nets relative to their investments in Horizon so as to determine allowable claim amounts.  In accordance with the Investor Claims Order, on July 8, 2022, the Receiver mailed claim notices ("Claim Notices") to each Investor stating the total amount of the Ins, Outs, and Net claim amount for each account along with proof of claim forms for Investors to use if they disagreed with the Receiver's calculations.[9]

Throughout the months of July, August, and September, the Receiver took calls, responded to emails, reviewed proofs of claim, and answered letters from Investors who had concerns about the information on their Claim Notices.  Investors were made aware that the Receiver would assist any of them who wanted the Court to resolve a dispute about their allowed Claim amounts by filing the appropriate papers.

As a result of discussions with various Investors, some related accounts were collapsed together, some adjustments were made to the Claim amounts, and some minor errors in the calculations were corrected.  Meanwhile, on September 8, 2022, the Receiver filed a motion requesting that certain Claims related to accounts that appeared to have been closed at some points in the past be disallowed.  (Doc. No.

---

[9]     Memoranda were sent to Net Winners and the "Neutral" Investors who received back from Horizon the same amount that they invested.

288).  None of the holders of those accounts responded to that motion, and it was granted in an Order entered on September 29, 2022 (Doc. No. 300).   Thus, by the close of the Reporting Period, the Receiver believed that the figures shown in Section I.A.3 above for Net Winners, Neutrals, and Investor Claims were final.

On July 28, 2022, the Receiver filed a motion proposing that the Court approve the net investment method (the "Net Investment Method") for calculating distributions to Investors.  Although in recent years courts have tended to employ use of the "rising tide" method for figuring distributive amounts, the Receiver maintained that the fact that the vast majority of Horizon Investors had received regular distributions on their Horizon accounts supported use of the Net Investment Method in this case.  The Court set a hearing to be conducted by video conference on September 9, 2022, and notice was sent to all Investors.  The Receiver believes that more than 40 individuals logged onto the hearing, although none spoke on the record when the Court invited them to do so.  On September 13, 2022, the Court entered an Order adopting the Net Investment Method for calculating distributions in this case.  (Doc. No. 292).

On September 30, 2022, the Receiver filed a motion for authority to release contact information for Investors to an entity that has expressed interest in taking assignments of Investors' Claims in exchange for a one-time, discounted payment

to the Investors with whom it contracts.  (Doc. No. 299).  If that motion is granted, Investors will have the ability to opt out of having their information released.

The Receiver hopes to be in a position to request authority to make an initial, interim distribution to Investors in the next reporting period or early 2023.

**H.     Discovery and Litigation Matters.**

The S.E.C. filed an amended complaint in this case on January 18, 2022.  The Court has entered various Orders extending the terms of the Preliminary Injunction Order relative to Woods' authority to use certain funds in an IRA account for legal and personal expenses.  On July 18, 2022, Court entered an Order extending the time to complete discovery to November 2, 2022.

Woods's deadline for producing Horizon records to the Receiver was extended to January 7, 2022.  (Doc No. 96).  Woods's attorneys turned over documents relative to Horizon that had been in a storage unit in Atlanta, and the Receiver arranged to have those scanned and added to the database of documents for the Receivership case.

During a prior reporting period, the Receiver's attorneys arranged to have copies made of certain of the computer hard drives, email accounts, and/or files on a shared server of employees of Southport Capital and Southport Capital Risk

Management.   Review of those records was ongoing during the Reporting Period and continues.

**I.   Ancillary Matters**.

(1)   FINRA Arbitration Matters.   Certain Investors have brought claims against Oppenheimer seeking reimbursement for their losses in connection with their investments in Horizon.   The Receiver was served with a subpoena for documents in one such matter, and as a result, the Receiver filed a motion during the prior reporting period proposing a procedure for producing documents that are subject to protective orders and other confidentiality restrictions.   The Court conducted a hearing on the Receiver's motion and an objection by Oppenheimer and entered an Order denying the motion without prejudice on July 5, 2022.   (Doc. No. 237). Thereafter, the Receiver and Oppenheimer reached an agreement on a Consent Order that allowed for documents to be produced to the Investor-claimants in certain FINRA[10] matters.   (Doc. No. 252).   Thereafter, in response to requests from counsel for Investor-claimants involved in other FINRA arbitrations, the Court entered an Order extending the Receiver's authority to produce documents to similarly situated Investor-claimants subject to confidentiality requirements.   (Doc. No. 286).

**J.      Receiver's Recommendations**.

---

[10]      FINRA is the Financial Industry Regulatory Authority.

The Receiver is unable to predict when this Case might be ready to close given the number of assets that must be liquidated and the fact that the Receiver will need time to investigate any claims that the Receivership may hold.  Notably, there is one payment that will not be due to the Receivership Estate until December 31, 2023. The Receiver continues her attempts to address the complex issues regarding asset identification and liquidation, investor claims and distributions, and investigations as to potential litigation as expeditiously as possible under the circumstances presented.

Respectfully submitted, this 18th day of October, 2022.

*/s/ A. Cotten Wright*
A. Cotten Wright, NC Bar 28162
Receiver and Attorney for Receiver
Grier Wright Martinez, PA
521 E Morehead Street, Suite 440
Charlotte, NC 28202
(704) 332-0207
cwright@grierlaw.com

*/s/ W. Russell Patterson, Jr.*
W. Russell Patterson, Jr. (GA Bar No. 566920)
Local Counsel for Receiver
Ragsdale Beals Seigler Patterson & Gray, LLP
229 Peachtree St., NE, Suite 2400
Atlanta, GA 30303-1629
(404) 588-0500 (Telephone)
wrpjr@rbspg.com

Exhibits:
    A.  Receipts and Disbursements
    B.  List of Assets

**EXHIBIT A**

**RECEIPTS AND DISBURSEMENTS REPORT**

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| | | |
|---|---|---|
| **Case No.:** | 21-03413 | |
| **Case Name:** | RECEIVER'S ACCOUNT, ESTATE OF | |
| | HORIZON PRIVATE EQUITY, III, LLC | |
| **Taxpayer ID #:** | **-***6934 | |
| **For Period Ending:** | 09/30/2022 | |

| | |
|---|---|
| **Trustee Name:** | A. Cotten Wright (530670) |
| **Bank Name:** | Metropolitan Commercial Bank |
| **Account #:** | ******8298 Checking |
| **Blanket Bond (per case limit):** | N/A |
| **Separate Bond (if applicable):** | $0.00 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 07/12/22 | | To Account #******8298 | Transfer of proceeds from sale of Southport Capital, Order DE 222 | 9999-000 | 579,646.48 | | 17,595,870.00 |
| 07/13/22 | | CBL Properties | Purchase of interests in BI Development, BI Development II, and BI Development III | | 100,000.00 | | 17,695,870.00 |
| | {6} | | Sale of interest in BI Developments $33,500.00 | 1129-000 | | | |
| | {4} | | Sale of interest in BI Developments II $57,800.00 | 1129-000 | | | |
| | {5} | | Sale of interest in BI Developments III $8,700.00 | 1129-000 | | | |
| 07/29/22 | {9} | Croft and Bender Fund | Distribution from C and B Capital III | 1129-000 | 51,759.83 | | 17,747,629.83 |
| 08/19/22 | {30} | US Sampleworks | Initial payment toward purchase of interest | 1129-000 | 2,500.00 | | 17,750,129.83 |
| 08/19/22 | 158 | GREAT NECK REALTY COMPANY OF NORTH CAROLINA, LLC | Receiver's Real Estate Advisors' Fees, Order DE 267 | 3731-000 | | 12,041.25 | 17,738,088.58 |
| 08/19/22 | 159 | STRETTO | Receiver's Consultant's Fees & Expenses, Order DE 270 | 3731-000 | | 24,958.83 | 17,713,129.75 |
| 08/19/22 | 160 | Ragsdale, Beals, Seigler, Patterson & Gray, LLP | Receiver's Local Counsel Fees & Expenses, Order DE 271 | | | 3,152.05 | 17,709,977.70 |
| | | Ragsdale, Beals, Seigler, Patterson & Gray, LLP | Receiver's Local Counsel Expenses $8.55 | 3220-000 | | | |
| | | Ragsdale, Beals, Seigler, Patterson & Gray, LLP | Receiver's Local Counsel Fees $3,143.50 | 3210-000 | | | |
| 08/19/22 | 161 | MIDDLESWARTH BOWERS & COMPANY | Receiver's Accountants' Fees & Expenses, Order DE 272 | | | 55,799.81 | 17,654,177.89 |
| | | MIDDLESWARTH BOWERS & COMPANY | Receiver's Accountants' Fees $48,289.80 | 3410-000 | | | |
| | | MIDDLESWARTH BOWERS & COMPANY | Receiver's Accountants' Expenses $7,510.01 | 3420-000 | | | |
| 08/19/22 | 162 | GRIER WRIGHT MARTINEZ PA | Receiver's Attorneys' Fees & Expenses, Order DE 273 | | | 100,754.55 | 17,553,423.34 |
| | | GRIER WRIGHT MARTINEZ PA | Receiver's Attorneys' Fees $92,856.32 | 3110-000 | | | |
| | | GRIER WRIGHT MARTINEZ PA | Receiver's Attorneys' Expenses $7,898.23 | 3120-000 | | | |
| 08/24/22 | {39} | PROVIDENT TRUST GROUP | Funds provided for distributions to investors without allocation information | 1229-000 | 999.98 | | 17,554,423.32 |
| 08/29/22 | {21} | FIRST HORIZON BANK | Partial refund on mortgage for Atlanta office condo | 1110-000 | 122.83 | | 17,554,546.15 |
| 09/07/22 | | Transfer Debit to TriState Capital Bank acct XXXXXX7607 | Transition Debit to TriState Capital Bank acct XXXXXX7607 | 9999-000 | | 17,554,546.15 | 0.00 |
| 09/22/22 | {30} | US Sampleworks | Payment toward redemption of interest | 1129-000 | 2,500.00 | | 2,500.00 |

**Page Subtotals:**   $737,529.12   $17,751,252.64

| | |
|---|---|
| { } Asset Reference(s) | ! - transaction has not been cleared |

## Form 2
## Cash Receipts And Disbursements Record

Page: 2

| | |
|---|---|
| Case No.: | 21-03413 |
| Case Name: | RECEIVER'S ACCOUNT, ESTATE OF HORIZON PRIVATE EQUITY, III, LLC |
| Taxpayer ID #: | **-***6934 |
| For Period Ending: | 09/30/2022 |

| | |
|---|---|
| Trustee Name: | A. Cotten Wright (530670) |
| Bank Name: | Metropolitan Commercial Bank |
| Account #: | ******8298 Checking |
| Blanket Bond (per case limit): | N/A |
| Separate Bond (if applicable): | $0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 09/30/22 | | Transfer Debit to TriState Capital Bank acct XXXXXX7607 | Transition Debit to TriState Capital Bank acct XXXXXX7607 | 9999-000 | | 2,500.00 | 0.00 |

| | Deposit $ | Disbursement $ | Account Balance |
|---|---|---|---|
| COLUMN TOTALS | 737,529.12 | 17,753,752.64 | $0.00 |
| Less: Bank Transfers/CDs | 579,646.48 | 17,557,046.15 | |
| Subtotal | 157,882.64 | 196,706.49 | |
| Less: Payments to Debtors | | 0.00 | |
| NET Receipts / Disbursements | $157,882.64 | $196,706.49 | |

{ } Asset Reference(s)                                                                 ! - transaction has not been cleared

# Form 2
## Cash Receipts And Disbursements Record

Page: 3

| Case No.: | 21-03413 | Trustee Name: | A. Cotten Wright (530670) |
| Case Name: | RECEIVER'S ACCOUNT, ESTATE OF | Bank Name: | Metropolitan Commercial Bank |
| | HORIZON PRIVATE EQUITY, III, LLC | Account #: | ******6868 Sale Funds Account |
| Taxpayer ID #: | **-***6934 | Blanket Bond (per case limit): | N/A |
| For Period Ending: | 09/30/2022 | Separate Bond (if applicable): | $0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 07/01/22 | {38} | Smith, Gambrell & Russell | Payment on Settlement with Clay Parker | 1229-000 | 125,000.00 | | 3,287,279.03 |
| 07/05/22 | 30002 | FIRST HORIZON BANK | Distribution per Settlement Agreement, Order DE 195 Voided on 07/05/2022 | 2990-004 | | 1,543,396.48 | 1,743,882.55 |
| 07/05/22 | 30002 | FIRST HORIZON BANK | Distribution per Settlement Agreement, Order DE 195 Voided: check issued on 07/05/2022 | 2990-004 | | -1,543,396.48 | 3,287,279.03 |
| 07/05/22 | 30003 | FIRST HORIZON BANK | Distribution per Settlement Agreement, Order DE 195 | 2990-004 | | 1,543,396.48 | 1,743,882.55 |
| 07/12/22 | {18} | MERIDIAN WEALTH MANAGEMENT LLC | Reimbursement for half of escrow fee | 1129-000 | 1,250.00 | | 1,745,132.55 |
| 07/12/22 | 30004 | FIRST HORIZON BANK | Balance due on Claim against Southport Capital, DE 222 | 2990-000 | | 1,250.00 | 1,743,882.55 |
| 07/12/22 | | To Account #******8298 | Transfer of proceeds from sale of Southport Capital, Order DE 222 | 9999-000 | | 579,646.48 | 1,164,236.07 |
| 07/29/22 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 550.00 | 1,163,686.07 |
| 08/19/22 | 30005 | TJ BENDER & COMPANY, INC. | Distribution on Claim Against Southport SPC0001 | 2990-005 | | 130,000.00 | 1,033,686.07 |
| 08/19/22 | 30006 | SMITH, GAMBRELL & RUSSELL, LLP | Distribution on Claim Against Southport SPC0005 | 3991-000 | | 130,065.11 | 903,620.96 |
| 08/19/22 | 30007 | TAYLOR ENGLISH DUMA LLP | Distribution on Claim Against Southport SPC0010 Stopped on 08/29/2022 | 2990-005 | | 79,937.68 | 823,683.28 |
| 08/19/22 | 30008 | JENNIFER GREENE | Services rendered; Order DE 268 | 7100-000 | | 500.00 | 823,183.28 |
| 08/19/22 | 30009 | INVICTA PARTNERS LLC | Invoices for storage May, June July, 2022; Order DE 268 | 2990-000 | | 5,829.50 | 817,353.78 |
| 08/19/22 | 30010 | INVICTA PARTNERS LLC | Invoice for storage August, 2022; Order DE 268 | 2990-000 | | 2,875.80 | 814,477.98 |
| 08/26/22 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | -550.00 | 815,027.98 |
| 08/29/22 | 30007 | TAYLOR ENGLISH DUMA LLP | Distribution on Claim Against Southport SPC0010 Stopped: check issued on 08/19/2022 | 2990-005 | | -79,937.68 | 894,965.66 |
| 08/29/22 | 30011 | TAYLOR ENGLISH DUMA LLP | Administrative Claim against Southport Capital | 2990-000 | | 79,937.68 | 815,027.98 |
| 08/30/22 | 30005 | TJ BENDER & COMPANY, INC. | Distribution on Claim Against Southport SPC0001 Stopped: check issued on 08/19/2022 | 2990-005 | | -130,000.00 | 945,027.98 |
| 08/30/22 | 30012 | TJ BENDER & COMPANY, INC. | Replacement check - Distribution on Class 3 Claim | 2990-000 | | 130,000.00 | 815,027.98 |
| 08/31/22 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 550.00 | 814,477.98 |
| 09/07/22 | | Transfer Debit to TriState Capital Bank acct XXXXXX7631 | Transition Debit to TriState Capital Bank acct XXXXXX7631 | 9999-000 | | 814,477.98 | 0.00 |
| 09/09/22 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | -550.00 | 550.00 |
| 09/13/22 | | Transfer Debit to TriState Capital Bank acct XXXXXX7631 | Transition Debit to TriState Capital Bank acct XXXXXX7631 | 9999-000 | | 550.00 | 0.00 |

Page Subtotals:     $126,250.00     $3,288,529.03

{ } Asset Reference(s)                                    ! - transaction has not been cleared

# Form 2
## Cash Receipts And Disbursements Record

Page: 4

| | | |
|---|---|---|
| Case No.: | 21-03413 | |
| Case Name: | RECEIVER'S ACCOUNT, ESTATE OF | |
| | HORIZON PRIVATE EQUITY, III, LLC | |
| Taxpayer ID #: | **-***6934 | |
| For Period Ending: | 09/30/2022 | |

| | |
|---|---|
| Trustee Name: | A. Cotten Wright (530670) |
| Bank Name: | Metropolitan Commercial Bank |
| Account #: | ******6868 Sale Funds Account |
| Blanket Bond (per case limit): | N/A |
| Separate Bond (if applicable): | $0.00 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| | | | **COLUMN TOTALS** | | 126,250.00 | 3,288,529.03 | $0.00 |
| | | | Less: Bank Transfers/CDs | | 0.00 | 1,394,674.46 | |
| | | | **Subtotal** | | 126,250.00 | 1,893,854.57 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$126,250.00** | **$1,893,854.57** | |

# Form 2

## Cash Receipts And Disbursements Record

Page: 5

| | | |
|---|---|---|
| Case No.: | 21-03413 | |
| Case Name: | RECEIVER'S ACCOUNT, ESTATE OF | |
| | HORIZON PRIVATE EQUITY, III, LLC | |
| Taxpayer ID #: | **-***6934 | |
| For Period Ending: | 09/30/2022 | |

| | |
|---|---|
| Trustee Name: | A. Cotten Wright (530670) |
| Bank Name: | TriState Capital Bank |
| Account #: | ******7607 Checking Account |
| Blanket Bond (per case limit): | N/A |
| Separate Bond (if applicable): | $0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 09/07/22 | | Transfer Credit from Metropolitan Commercial Bank acct XXXXXX8298 | Transition Credit from Metropolitan Commercial Bank acct XXXXXX8298 | 9999-000 | 17,554,546.15 | | 17,554,546.15 |
| 09/21/22 | {31} | Horizon Receivership Sale Funds Account | Distribution on Class 4 Claim against Southport to Satisfy Jim Woods' Loan | 1129-000 | 17,005.35 | | 17,571,551.50 |
| 09/30/22 | | Transfer Credit from Metropolitan Commercial Bank acct XXXXXX8298 | Transition Credit from Metropolitan Commercial Bank acct XXXXXX8298 | 9999-000 | 2,500.00 | | 17,574,051.50 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | 17,574,051.50 | 0.00 | $17,574,051.50 |
| Less: Bank Transfers/CDs | 17,557,046.15 | 0.00 | |
| Subtotal | 17,005.35 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| NET Receipts / Disbursements | $17,005.35 | $0.00 | |

# Form 2
## Cash Receipts And Disbursements Record

Page: 6

| | |
|---|---|
| **Case No.:** | 21-03413 |
| **Case Name:** | RECEIVER'S ACCOUNT, ESTATE OF |
| | HORIZON PRIVATE EQUITY, III, LLC |
| **Taxpayer ID #:** | **-***6934 |
| **For Period Ending:** | 09/30/2022 |

| | |
|---|---|
| **Trustee Name:** | A. Cotten Wright (530670) |
| **Bank Name:** | TriState Capital Bank |
| **Account #:** | ******7631 Sale Funds Account |
| **Blanket Bond (per case limit):** | N/A |
| **Separate Bond (if applicable):** | $0.00 |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Deposit<br>$ | 6<br>Disbursement<br>$ | 7<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 09/07/22 | | Transfer Credit from Metropolitan Commercial Bank acct XXXXXX6868 | Transition Credit from Metropolitan Commercial Bank acct XXXXXX6868 | 9999-000 | 814,477.98 | | 814,477.98 |
| 09/13/22 | | Transfer Credit from Metropolitan Commercial Bank acct XXXXXX6868 | Transition Credit from Metropolitan Commercial Bank acct XXXXXX6868 | 9999-000 | 550.00 | | 815,027.98 |
| 09/15/22 | 2000 | INVICTA PARTNERS LLC | Storage fee, Invoice 3591 | 2990-000 | | 2,730.96 | 812,297.02 |
| 09/21/22 | 2001 | DEVIN M MCGILLOWAY, INC | Distribution on Class 4 Claim Against Southport, Order DE 293 | 7100-000 | | 149,051.21 | 663,245.81 |
| 09/21/22 | 2002 | JAMES WALLACE WOODS | Distribution on Class 4 Claim Against Southport, Order DE 293 | 7100-000 | | ! 20,034.01 | 643,211.80 |
| 09/21/22 | 2003 | WEALTH MANAGEMENT GROUP, LLC | Distribution on Class 4 Claim against Southport, Order DE 293 | 7100-000 | | 388,909.43 | 254,302.37 |
| 09/21/22 | 2004 | ESTATE OF HORIZON PRIVATE EQUITY, III, LLC | Distribution on Class 4 Claims Against Southport, Order DE 293 | 7100-000 | | 17,005.35 | 237,297.02 |
| 09/30/22 | 2005 | VITAL RECORDS CONTROL | Distribution on Class 5 Claim against Southport; Order DE 297 | 7100-000 | | ! 44.52 | 237,252.50 |
| 09/30/22 | 2006 | SUMMIT PROPERTIES, LLC | Distribution on Class 5 Claim against Southport; Order DE 297 | 7100-000 | | ! 40.85 | 237,211.65 |
| 09/30/22 | 2007 | ARTHUR T BROWN JR | Distribution on Class 5 Claim against Southport; Order DE 297 | 7100-000 | | ! 46,790.40 | 190,421.25 |
| 09/30/22 | 2008 | PEACE COMMUNICATIONS LLC | Distribution on Class 5 Claim against Southport; Order DE 297 | 7100-000 | | ! 6,961.82 | 183,459.43 |
| 09/30/22 | 2009 | INVICTA PARTNERS, LLC | Distribution on Class 5 Claim against Southport; Order DE 297 | 7100-000 | | ! 696.18 | 182,763.25 |
| 09/30/22 | 2010 | SAVVY RETIREMENT PLANS INC. | Distribution on Class 5 Claim against Southport; Order DE 297 | 7100-000 | | ! 700.82 | 182,062.43 |
| 09/30/22 | 2011 | JAMES WALLACE WOODS | Distribution on Class 5 Claim against Southport; Order DE 297 | 7100-000 | | ! 16,018.92 | 166,043.51 |
| 09/30/22 | 2012 | TELEMET AMERICA | Distribution on Claim against Southport; Order DE 297 | 7100-000 | | ! 3,746.49 | 162,297.02 |

| | | | |
|---|---|---|---|
| **COLUMN TOTALS** | 815,027.98 | 652,730.96 | **$162,297.02** |
| Less: Bank Transfers/CDs | 815,027.98 | 0.00 | |
| **Subtotal** | 0.00 | 652,730.96 | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$0.00** | **$652,730.96** | |

{ } Asset Reference(s)                                                                                   ! - transaction has not been cleared

# Form 2
## Cash Receipts And Disbursements Record

Page:  7

| | | |
|---|---|---|
| **Case No.:** | 21-03413 | |
| **Case Name:** | RECEIVER'S ACCOUNT, ESTATE OF HORIZON PRIVATE EQUITY, III, LLC | |
| **Taxpayer ID #:** | **-***6934 | |
| **For Period Ending:** | 09/30/2022 | |

| | |
|---|---|
| **Trustee Name:** | A. Cotten Wright (530670) |
| **Bank Name:** | TriState Capital Bank |
| **Account #:** | ******7631 Sale Funds Account |
| **Blanket Bond (per case limit):** | N/A |
| **Separate Bond (if applicable):** | $0.00 |

| | |
|---|---|
| Net Receipts: | $301,137.99 |
| Plus Gross Adjustments: | $0.00 |
| Less Payments to Debtor: | $0.00 |
| Less Other Noncompensable Items: | $0.00 |
| Net Estate: | $301,137.99 |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---|---|---|
| ******8298 Checking | $157,882.64 | $196,706.49 | $0.00 |
| ******6868 Sale Funds Account | $126,250.00 | $1,893,854.57 | $0.00 |
| ******7607 Checking Account | $17,005.35 | $0.00 | $17,574,051.50 |
| ******7631 Sale Funds Account | $0.00 | $652,730.96 | $162,297.02 |
| | **$301,137.99** | **$2,743,292.02** | **$17,736,348.52** |

# EXHIBIT B

# ASSET REPORT

## Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page:  1

**Case No.:**   21-03413
**Case Name:**   RECEIVER'S ACCOUNT, ESTATE OF HORIZON PRIVATE EQUITY, III, LLC

**For Period Ending:**   09/30/2022

**Trustee Name:**   (530670) A. Cotten Wright
**Date Filed (f) or Converted (c):**   09/01/2021 (f)
**§ 341(a) Meeting Date:**
**Claims Bar Date:**

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens,<br>Exemptions,<br>and Other Costs) | 4<br>Property<br>Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets | 7<br>Lien Amount | 8<br>Exempt<br>Amount |
|---|---|---|---|---|---|---|---|---|
| 1* | Cash in TD Ameritrade Account (See Footnote) | 14,699,092.52 | 0.00 | | 14,699,092.52 | FA | 0.00 | 0.00 |
| 2* | Athletafied - 25% interest in RecruitU d/b/a Athletafied (See Footnote) | 453,000.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 3* | Battlefield Parkway Partners LLC - 50% interest (See Footnote) | 924,782.84 | 0.00 | | 0.00 | 924,782.84 | 5,150,882.93 | 0.00 |
| 4* | BI Developments II LLC - 50% interest (See Footnote) | 1,206,580.00 | 57,800.00 | | 57,800.00 | FA | 0.00 | 0.00 |
| 5* | BI Developments III LLC -  70% interest (See Footnote) | 126,000.00 | 8,700.00 | | 8,700.00 | FA | 0.00 | 0.00 |
| 6* | BI Developments LLC - 40% interest (See Footnote) | 473,008.33 | 33,500.00 | | 33,500.00 | FA | 0.00 | 0.00 |
| 7* | BW Hunting Club, LLC - 50% interest (See Footnote) | 1,500,000.00 | 121,950.36 | | 151,935.00 | FA | 0.00 | 0.00 |
| 8* | Chattanooga Professional Baseball, LLC - 20.12% interest (See Footnote) | 2,000,000.00 | 1,875,684.00 | | 1,875,684.00 | FA | 0.00 | 0.00 |
| 9* | Croft & Bender Fund Investment (See Footnote) | 112,731.00 | 112,731.00 | | 134,621.51 | 0.00 | 0.00 | 0.00 |
| 10* | East Brainerd Partners LLC - 50% interest (See Footnote) | 1,292,288.00 | 0.00 | | 0.00 | 1,292,288.38 | 3,700,000.00 | 0.00 |
| 11* | EBES Partners LLC - 50% interest (See Footnote) | 2,794,167.45 | 78,288.57 | | 0.00 | 2,794,167.45 | 2,715,878.88 | 0.00 |
| 12 | VOID | VOID | VOID | VOID | VOID | VOID | VOID | VOID |
| 13* | Highway 153 Partners LLC - 50% interest (See Footnote) | 1,961,496.78 | 596,496.78 | | 0.00 | 1,961,496.78 | 1,365,000.00 | 0.00 |
| 14* | Cash in IberiaBank Account (See Footnote) | 350,000.00 | 0.00 | | 322,990.15 | FA | 0.00 | 0.00 |
| 15* | Lakewood Ranch Risk Management LLC - 60% (See Footnote) | 1,500,000.00 | 0.00 | OA | 0.00 | FA | 0.00 | 0.00 |
| 16* | Dynamo Fund I, L.P. (See Footnote) | 408,412.00 | 408,412.00 | | 55,167.00 | 353,245.35 | 0.00 | 0.00 |
| 17* | Birchwood II, LLC - 30% interest (See Footnote) | 330,874.35 | 0.00 | | 100,000.00 | FA | 1,657,845.00 | 0.00 |
| 18* | Livingston Group Asset Management Co. d/b/a Southport Capital - 66% interest (See Footnote) | 5,669,641.00 | 5,669,641.00 | | 3,088,042.96 | 2,581,598.04 | 0.00 | 0.00 |
| 19* | MVP Studios, LLC - 50% interest (See Footnote) | 163,000.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 20* | 112 Mill Street, Greenville, KY 42335 (See Footnote) | 150,000.00 | 0.00 | | 110,000.00 | FA | 0.00 | 0.00 |
| 21* | 3621 Vinings Slope SE, Suite 4450, Atlanta, GA 30339 (See Footnote) | 550,000.00 | 328,177.08 | | 995,122.83 | FA | 0.00 | 0.00 |
| 22* | Prepstar LLC  (See Footnote) | 115,500.00 | 115,500.00 | | 0.00 | FA | 0.00 | 0.00 |
| 23* | ProNvest, Inc. (See Footnote) | 300,000.00 | 100,000.00 | | 0.00 | 100,000.00 | 0.00 | 0.00 |
| 24* | The Shoppes of Valley Brook LLC - 50% interest (See Footnote) | 1,164,287.99 | 75,042.14 | | 0.00 | 1,164,287.99 | 1,089,245.85 | 0.00 |
| 25* | Dynamo-Skupos, LLC investment (See Footnote) | 50,583.00 | 57,866.00 | | 0.00 | 57,866.00 | 0.00 | 0.00 |

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Page:  2

**Case No.:**   21-03413

**Case Name:**   RECEIVER'S ACCOUNT, ESTATE OF HORIZON PRIVATE EQUITY, III, LLC

**For Period Ending:**   09/30/2022

**Trustee Name:**   (530670) A. Cotten Wright

**Date Filed (f) or Converted (c):**   09/01/2021 (f)

**§ 341(a) Meeting Date:**

**Claims Bar Date:**

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens,<br>Exemptions,<br>and Other Costs) | 4<br>Property<br>Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets | 7<br>Lien Amount | 8<br>Exempt<br>Amount |
|---|---|---|---|---|---|---|---|---|
| 26* | Dynamo-Stord SPV III (See Footnote) | 75,000.00 | 50,583.00 | | 0.00 | 50,583.00 | 0.00 | 0.00 |
| 27* | WW Partners LLC - 50% interest (See Footnote) | 522,308.00 | 0.00 | | 0.00 | 522,208.66 | 1,350,000.00 | 0.00 |
| 28* | Relevance Capital III, LP investment (See Footnote) | 427,500.00 | 427,500.00 | | 0.00 | 427,500.00 | 0.00 | 0.00 |
| 29* | Loan Receivable from USA Sands LLC (See Footnote) | 0.00 | 50,000.00 | | 0.00 | 50,000.00 | 0.00 | 0.00 |
| 30* | U.S. Sampleworks, LLC (See Footnote) | 0.00 | 50,000.00 | | 5,000.00 | 7,000.00 | 0.00 | 0.00 |
| 31* | Loan Receivable from James Woods (See Footnote) | 0.00 | 15,000.00 | | 17,005.35 | FA | 0.00 | 0.00 |
| 32* | WW Outdoor Media, LLC (See Footnote) | 0.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 33* | Loan Receivable from Horizon Private Equity, LLC (See Footnote) | 0.00 | 0.00 | | 0.00 | 25,000.00 | 0.00 | 0.00 |
| 34* | Rent - 112 Mill Street, Greenville, KY 42335 (u) (See Footnote) | 0.00 | 0.00 | | 7,500.00 | FA | 0.00 | 0.00 |
| 35* | Rent - 3621 Vinings Slope SE, Suite 4450, Atlanta, GA 30339 (u) (See Footnote) | 0.00 | 0.00 | | 36,000.00 | FA | 0.00 | 0.00 |
| 36* | Car Wash Station, LLC - 33.33-% interest (See Footnote) | 321,000.00 | 112,535.00 | | 112,535.00 | FA | 0.00 | 0.00 |
| 37* | Southport Capital Checking Account Funds (u) (See Footnote) | 0.00 | 0.00 | | 76,841.03 | FA | 0.00 | 0.00 |
| 38* | Settlement Agreement between Clay Parker & Southport Capital (u) (See Footnote) | 0.00 | 0.00 | | 125,000.00 | 1,000,000.00 | 0.00 | 0.00 |
| 39* | Cash from Provident Trust (u) (See Footnote) | 0.00 | 0.00 | | 999.98 | FA | 0.00 | 0.00 |
| **39** | **Assets Totals (Excluding unknown values)** | **$39,641,253.26** | **$10,345,406.93** | | **$22,013,537.33** | **$13,312,024.49** | **$17,028,852.66** | **$0.00** |

RE PROP# 1   Turnover of cash in TD Ameritrade account held in Horizon's name.

RE PROP# 2   The Receivership Estate owns a 47.5% interest in Hardwood Sports, LLC, which in turn owns a 25% investment interest in a sports data collection company, Recruit U d/b/a Athletafied, that tests the skills of high school athletes. According to information received from Woods, the initial investment in this entity was $110,000, and Horizon made a loan to the entity for $343,000, resulting in a net investment in Recruit U to $453,000. Woods separately indicated that the net investment in Hardwood Sports, LLC was $333,000. The Receiver's research, including calls with the other members and an attorney for Hardwood, LLC and Athletafied/Recruit U, revealed that Hardwood, LLC was formed as a holding company for Athletafied/ Recruit U. Further, it owns Highlight U, which was formed to be social media platform and recruiting service for high school athletes. It appears that although those entities were formed, they were not successful and are not currently operating entities. At present, none of the entities have employees, clients, or any assets. Therefore, the Receiver believes the value to the Receivership Estate in these entities is $0.00.

RE PROP# 3   The Receivership Estate owns a 50% interest in this entity that owns a strip center located at 2705 Battlefield Pkwy, Fort Oglethorpe, GA. Woods indicated that Horizon's net investment in this asset was $924,782.84. Financed by First Volunteer Bank, loan #-8564. Lien amount is payoff quote as of 8/30/2021 and reflects lien on the entire project, not just Horizon's interest. Horizon equity interest to be paid after bank and before other distributions. The original value of $1,412,033.92 for Horizon's interest that was provided by John Woods appears to have contemplated completion of the project.

RE PROP# 4   Pursuant to an Order entered on 9/9/2022, the value of the Receivership Estate's 50% interest in an entity formed to redevelop a former Sears store in Chattanooga, TN was liquidated along with the interests held in two other related entities. First Volunteer Bank released its claim pursuant to Horizon's guaranty of a loan in the amount of $2,984,144 in that transaction. Woods had indicated that Horizon's net investment in this asset was $1,206,580. The original value for Horizon's interest that was provided by John Woods was $2m, apparently based on completion of the project.

## Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 3

| | |
|---|---|
| Case No.: 21-03413 | Trustee Name: (530670) A. Cotten Wright |
| Case Name: RECEIVER'S ACCOUNT, ESTATE OF HORIZON PRIVATE EQUITY, III, LLC | Date Filed (f) or Converted (c): 09/01/2021 (f) |
| | § 341(a) Meeting Date: |
| For Period Ending: 09/30/2022 | Claims Bar Date: |

RE PROP# 5
Pursuant to an Order entered on 9/9/2022, the value of the Receivership Estate's 70% interest in an entity that was formed to develop a parking area adjacent to a former Logan's Restaurant in Chattanooga, TN, was liquidated along with the interests held in two other related entities. First Volunteer Bank released its claim pursuant to Horizon's guaranty of a loan in that transaction. Woods had indicated that Horizon's net investment in this asset was $126,000. An original value of $500,000 for Horizon's interest that was provided by John Woods apparently contemplated completion of the project.

RE PROP# 6
Pursuant to an Order entered on 9/9/2022, the value of the Receivership Estate's 40% interest in an entity formed to redevelop a former JC Penny store in Chattanooga, TN was liquidated along with the interests held in two other related entities. First Volunteer Bank released its claim pursuant to Horizon's guaranty of a loan in that transaction. Woods had indicated that Horizon's net investment in this asset was $473,008.33. The original value of $1.5 million for Horizon's interest that was provided by John Woods apparently contemplated completion of the project.

RE PROP# 7
On 12/28/21, the Court entered an Order allowing for the sale of the Receivership's interest in this asset for a total price of $151,935, DE 119. The buyer had provided a down payment of $25,000, leaving $126,935 due within 15 days of the Order. That amount was wired to the Receivership account on 1/3/22. The real property owned by this entity is adjacent to property owned by Birchwood II, LLC, a Hamilton County landfill. This land was purchased in 2017 for $356,000, and the timber has been harvested. The plan for the property was to request that it be rezoned and used to increase the size of the adjacent landfill. Woods indicated that Horizon's net investment in this asset was $121,950.36. The original value for Horizon's interest that was provided by John Woods apparently contemplated additional improvements.

RE PROP# 8
An Order authorizing redemption of the Receivership Estate's 20.12% interest in this entity that owns the Chattanooga Lookouts baseball team for $1,875,684 was entered on 10/21/21, DE 81. Woods indicated that the net amount invested was $1,991,850.00.

RE PROP# 9
The Receivership Estate holds a 0.9218 % interest in a Nashville, TN private equity fund. A distribution on this investment was received on 12/7/21. Woods indicated that Horizon's net investment in this asset was $112,731. Original value shown was provided by John Woods.

RE PROP# 10
The Receivership Estate owns a 50% interest in an entity that owns property located in Chattanooga, TN that is leased to Starbucks; Cell Surgeon; Crumbl; Pacific Dental; Pure Nail Spa; one vacant unit. Subject to lien held by Southeast bank, loan #-2832; original balance was $3.7 million. Lien amount shown reflects the lien on the entire project, not just Horizon's interest. Horizon interest to be paid first after bank, before other distributions. Woods indicated that Horizon's net investment in this asset was $1,292,288. The original value for Horizon's interest of $2,491,949.83 that was provided by John Woods apparently contemplated completion for development.

RE PROP# 11
The Receivership Estate owns a 50% interest in an entity formed to develop property that has been rezoned for an apartment complex. Development work has not started. Financed by First Volunteer Bank loan #-0283. Lien amount is payoff as of 8/27/2021 and reflects lien on the entire project, not just Horizon's interest. Woods indicated that Horizon's net investment in this asset was $2,794,167. The original value of $3m for Horizon's interest that was provided by John Woods apparently contemplated completion of the project.

RE PROP# 13
The Receivership Estate owns a 50% interest in an entity formed to develop property at 5513 Highway 153, Hixson, TN. Subject to lien of Southeast bank, loan #-8763 in original amount of $1,365,000 plus a construction loan of approximately $2.5 million for a total of about $3.7 million. Lien amounts shown reflect liens on the entire project, not just Horizon's interest. Horizon to receive its equity interest after bank and before other distributions are made. Woods indicated that Horizon's net investment in this asset was $1,961,497. The original value of $2,472,132.90 for Horizon's interest (only) that was provided by John Woods apparently contemplated completion of the project.

RE PROP# 14
Cash in account at IberiaBank; turned over to receivership on 9/10/21.

RE PROP# 15
This asset reflected John Woods' 79% membership interest in a Florida-based insurance company; Woods indicated that the net amount invested in this asset was $0.00. The Court entered an Order allowing this asset to be abandoned on 3/2/2022 given that it has no value for the Receivership Estate. The original value shown was provided by John Woods.

RE PROP# 16
The Receivership holds a 2.7778% interest in this Nashville, TN based private equity fund. A distribution of $55,167 was received on this investment on 3/11/22. Woods indicated that Horizon's net investment in this asset was $408,412. An original value of $1,538,018 was provided by John Woods.

RE PROP# 17
This asset was sold for a total sale price of $100,000 pursuant to an Order entered on February 28, 2022. Net amount invested of $330,874.35 was provided John Woods on 10-15-21 relative to a 30% interest in operating landfill on 25 acres at 9327 Birchwood Pike, Hamilton, TN. Entity is subject to liens held by Pinnacle Bank. Lien value shown as of 9/30/2021; plus i/o/a of $1,099,712. Lien on the property owned by this entity was $1,657,845.. The original value of $2m for Horizon's interest that was provided by John Woods apparently reflected additional improvements.

RE PROP# 18
On April 21, 2022, the the Court entered an Order on the Receiver's motion to settle with Southport Capital and IBERIABANK so as to permit the sale of Southport Capital's operating assets. Payments are due in two installments; the first payment was made on 6/29/22. Southport Capital's books indicate that Woods held the 66% membership, and that interest was made property of the Receivership Estate pursuant to the Receivership Order entered on 9-1-21. On 10-15-21, Woods' indicated that the net amount invested in this asset was $5,669,641. Woods had previously indicated that the value of this asset was $34,000,000.

RE PROP# 19
The Receivership Estate owns a 50% interest in an entity formed to find film locations in Atlanta, GA. The Receiver's research including calls with co-owner revealed that this entity has no on-going operations and no assets. Financial information provided shows substantial liabilities. Woods indicated that Horizon's net investment in this asset was $163,000. The Receiver estimates that the value of this asset is $0.

RE PROP# 20
The Receivership Estate owned real property in Greenville, KY that was leased to Southport Capital for $1500 per month. This asset was sold for $110,000 pursuant to an Order entered on January 18, 2022. Woods indicated that Horizon's net investment in this asset was $150,000.

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page:  4

**Case No.:**   21-03413

**Case Name:**   RECEIVER'S ACCOUNT, ESTATE OF HORIZON
PRIVATE EQUITY, III, LLC

**For Period Ending:**   09/30/2022

**Trustee Name:**   (530670) A. Cotten Wright

**Date Filed (f) or Converted (c):**   09/01/2021 (f)

**§ 341(a) Meeting Date:**

**Claims Bar Date:**

| | |
|---|---|
| RE PROP# 21 | The Receivership Estate owned an office condominium in, Atlanta, GA that was sold on June 7, 2022; the net sale proceeds were $142,703.89.  Lien held by First Horizon Bank, successor to IBERIABANK was paid in full.  Property was subject to monthly condo association fees.  This property had been leased to Southport Capital for $6,000 per month.  Woods indicated that Horizon's net investment was $328,177.08.  Original value of $550,000 was provided by John Woods. |
| RE PROP# 22 | The Receiver has determined that this asset has no value for the Receivership Estate.  The Receivership Estate holds an interest in an entity that owns a Los Angeles based football magazine.  Woods indicated that Horizon's net investment in this asset was $115,500.  Original value of $500,000 was provided by John Woods. |
| RE PROP# 23 | The Receivership Estate owns an interest in an entity that specializes in retirement planning and investment management.  Woods indicated that Horizon's net investment in this asset was $100,000.  This entity invested in SigniX, a Docusign competitor; companies have merged.  Received an offer of $100,000 for Horizon's shares on 9/13/21.  Original value shown was provided by John Woods. |
| RE PROP# 24 | The Receivership Estate owns a 50% interest in an entity that owns four parcels in Hixson, TN:  5933 Hixson Pike (leased to a Jack's Hamburgers); 5925 Hixson Pike (leased to a car wash); 5919 Hixson Pike; and 5943 Hixson Pike.   One parcel (5925 Hixson Pike) was transferred to Car Wash Station, LLC in November, 2021 and entered as a separate asset.  Woods indicated that Horizon's net investment in this asset was $1,164,287.99.  Financed by First Volunteer Bank, loan #-0186 & #-4334.  Lien amount is total of two loans payout amounts as of 8/27/21 and reflects lien on the entire project, not just Horizon's interest.  Horizon equity to be paid after bank and before other distributions.  The original of $1.5m for Horizon's interest that was provided by John Woods apparently contemplated further development. |
| RE PROP# 25 | The Receivership Estate holds a 3.7944918% investment interest in a San Francisco based start-up company, which is a special purchase vehicle of Dynamo Fund, I, L.P.  Woods indicated that Horizon's net investment in this asset was $57,866.  An original value of $75,000 was provided by John Woods. |
| RE PROP# 26 | The Receivership Estate holds an interest in an Atlanta-based software driven warehousing and fulfillment company, which is a special purchase vehicle affiliated with Dynamo Fund I, L.P.  Woods indicated that Horizon's net investment in this asset was $50,583.00. Original value shown was provided by John Woods. |
| RE PROP# 27 | The Receivership Estate owns a 50% interest in an entity that owns restaurant property at 5595 Highway 153, Hixson, TN that is currently leased to Applebee's per a 25-year ground lease.  Subject to a $1,350,000 lien held by Pinnacle Bank.  Lien amount reflects lien on the entire project and not just Horizon's interest.  Woods indicated that Horizon's net investment in this asset was $522,308.  The original value of $627,770.98 for Horizon's interest that was provided by John Woods apparently contemplated further development. |
| RE PROP# 28 | The Receivership Estate owns  a 3.676%  interest in a Tennessee based private equity fund.  Woods indicated that Horizon's net investment in this asset was $427,500.  The original value that was provided by John Woods was $921,016. |
| RE PROP# 29 | This asset was added based on information provided by counsel for John Woods on 10-15-21.  The asset was described as a loan to a company involved in bomb-detection technology. The Promissory Note is dated 11/25/2019 in the amount of $50,000.00; information is that no payments have been made. |
| RE PROP# 30 | Order entered on 9/21/22, DE 295, allowing redemption of this interest for $12,000 to be paid in installments of $2500.  This asset and the net amount invested was added based on information provided by counsel for John Woods on 10-15-21.  This entity sells online subscriptions for children's books. |
| RE PROP# 31 | This asset reflects the balance of a loan made to James W Woods.  The loan was paid in full plus interest paid in connection with the distribution on James Woods' Class 4 Claim Against Southport, per Order DE 293.  This asset was added based on information from counsel for John Woods provided on 10-15-21. |
| RE PROP# 32 | Based on a letter of October 7, 2021, from counsel for Woods, this project has been completed and $125,250.54 was distributed to Horizon before the date of the receivership.  The final accounting has not been completed.  The remaining funds total $9,101.05, but tax returns for the project are not complete.  The remaining funds will go to pay taxes, resulting in no value for the Receivership Estate |
| RE PROP# 33 | This asset reflects a loan that was made to Horizon Private Equity, LLC - this asset was added based on information provided by John Woods on 10-15-21. Loan documentation was provided on 10/21/2021.  The Note is dated 8/31/2020 & no payments have been made. |
| RE PROP# 34 | Rent collected post-Receivership for Greenville, KY office leased to Southport Capital.  This property has been sold |
| RE PROP# 35 | Rent collected post-Receivership for Atlanta Office from Southport Capital.  This property has been sold. |
| RE PROP# 36 | On 5/20/22, the Court entered an Order allowing for the redemption of the Receiver's interest in this entity for $112,535.  This asset was formerly that of The Shoppes of Valley Brook, LLC.  A deed was recorded transferring ownership of a parcel at 5925 Hixson Pike  from The Shoppes to this entity in November, 2021.  The value listed reflects an appraisal of the underlying real property that was done in 2019. |
| RE PROP# 37 | Turnover of funds in Southport Capital checking account. |
| RE PROP# 38 | Pursuant to the settlement with Southport Capital, the Receivership Estate is entitled to $1,125,000 due on a  Settlement Agreement between Clay Parker & Southport Capital.  The first payment was received on 7/1/2022. |
| RE PROP# 39 | Refund of part of an April 2021 deposit for distributions to investor accounts that was not allocated by Woods. |

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Page: 5

**Case No.:**   21-03413

**Case Name:**   RECEIVER'S ACCOUNT, ESTATE OF HORIZON PRIVATE EQUITY, III, LLC

**For Period Ending:**   09/30/2022

**Trustee Name:**   (530670) A. Cotten Wright

**Date Filed (f) or Converted (c):**   09/01/2021 (f)

**§ 341(a) Meeting Date:**

**Claims Bar Date:**

**Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:**

**Initial Projected Date Of Final Report (TFR):**

**Current Projected Date Of Final Report (TFR):**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **CIVIL ACTION NO. 1:21-CV-3413-SDG** |
| **Plaintiff,** | |
| **v.** | |
| **JOHN J. WOODS, ET AL.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing *Receiver's Fifth Report* were served on those parties who have requested electronic service in this case through the Court's electronic noticing system. Notice will also be provided to victim-investors by way of email or by United States first class mail in the event that email addresses are not available. In addition, this *Receiver's Fifth Report* will be available at horizonreceivership.com.

This is the 18th day of October, 2022.

/s/ A. Cotten Wright
A. Cotten Wright (NC Bar 28162)
Receiver and Attorney for Receiver
Grier Wright Martinez, PA
521 E Morehead Street, Suite 440
Charlotte, NC 28202