IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOHN J. WOODS, et al.,**<br><br>**Defendants.** | Civil Action No.<br>1:21-cv-3413-SDG |

**RECEIVER'S MOTION FOR ORDER PROVIDING PROCEDURES FOR ADJUSTING CLAIMS HELD BY INVESTORS WHO OBTAIN RECOVERIES FROM THIRD PARTIES**

A. Cotten Wright, the duly appointed receiver ("Receiver") in the above-captioned civil action (this "Case"), through counsel, hereby brings this *Receiver's Motion for Order Providing Procedures for Adjusting Claims Held by Investors Who Obtain Recoveries from Third Parties* (this "Motion") and in support, respectfully represents as follows:

## INTRODUCTION

1. Through this Motion, the Receiver requests approval of procedures to address the possibility of double recoveries by those investors ("Investors") who hold claims ("Claims," each a "Claim") for losses incurred as a result of their

1

investments in Horizon Private Equity, III, LLC ("Horizon") and are successful in recovering all or a portion of their allowed Claim amounts from third parties.

2. At the outset, the Receiver acknowledges that designing a workable process that accounts for the timing issues as between distributions from the Receivership Estate on the one hand and Investors' recoveries from third parties on the other is a challenging task. The procedures set out in this Motion reflect the Receiver's best efforts to create a plan that is fair to the Investor body as a whole.

## BACKGROUND

3. On September 1, 2021, the Court entered its *Order Appointing Receiver* (the "Receivership Order") establishing a receivership in this Case (the "Receivership Estate") as to Defendant Horizon and certain assets of Defendant John J. Woods.[1] (Doc. No. 26).

4. On May 25, 2022, the Receiver filed her *Motion for Approval of Claims Procedures Relative to Horizon Investor Claims* (the "Claims Procedures Motion") requesting entry of an Order establishing certain procedures for establishing the allowed amounts of Investors' Claims against the Receivership Estate. (Doc. No. 219). On June 21, 2022, the Court entered an Order granting the Claims Procedures

---

[1] On September 10, 2021, the Court entered its *Order Amending Order Appointing Receiver to Correct Typographical Errors*. (Doc. No. 53).

Motion (the "Claims Procedures Order"). (Doc. No. 232).

5. On July 8, 2022, the Receiver mailed claim notices (the "Claim Notices") to Horizon Investors in accordance with the Claims Procedures Order. The Claim Notices provided information as to the total amount each Investor had put into Horizon, how much the Investor had received in distributions from Horizon, and the net Claim amount for the Investor's Horizon account. The Receiver also mailed memoranda to Investors whom the Receiver's records indicate received more in distributions from Horizon than they invested, the "Net Winners," and those who received back from Horizon exactly what they put in, the "Neutral" Investors.

6. On July 28, 2022, the Receiver filed her *Receiver's Motion for Order Regarding Distribution Method and Procedure for Distributions on Investor Claims* proposing use of the net investment method for calculating distributions to Investors on their Claims. (Doc. No. 253). The Court conducted a video hearing on that motion on September 9, 2022; a number of Investors logged on remotely to that hearing. During that hearing, the Receiver noted that she had learned that a Financial Industry Regulatory Authority ("FINRA") arbitration panel had awarded substantial damages to certain Investors relative to claims against Oppenheimer & Co., Inc. ("Oppenheimer") for their Horizon losses.

7. The Receiver is aware that additional arbitration claims have been

brought against Oppenheimer. There also is a civil action against Oppenheimer pending before the Court, Case No. 1:21-cv-3625. Further, the Receiver is informed that at least one couple has filed a state court lawsuit regarding losses from their Horizon investments, and there may be other similar actions not known to the Receiver.

8. The Receiver is working toward putting the elements in place to make an initial, interim distribution to Investors, likely near year-end or early 2023. Certain Investors have raised a concern that other Investors who have brought claims against Oppenheimer or other third parties may end up with a double recovery relative to any compensatory damages awarded to them or settlement amount recovered in those actions and any distributions from the Receivership Estate on their Claims.

**RELIEF REQUESTED**

9. Through this Motion, the Receiver requests entry of an Order setting out procedures for: (1) identifying Investors who are pursuing claims against third parties; and (2) to the extent that any such Investors are successful in collecting compensatory damages or a settlement payment from third parties, reducing the amounts of those Investors' allowed Claims in accordance with the amount recovered.

## BASIS FOR RELIEF

10. The relief requested in this Motion is based on the Receiver's general duty as a fiduciary for the Investor body to act in the best interests of all Investors. In the view of the Receiver, it is appropriate to guard against certain Investors potentially obtaining a double recovery relative to their Horizon losses.

## PROPOSED SUPPLEMENTAL DISTRIBUTION PROCEDURES

11. The Receiver recommends the following procedures (the "Supplemental Distribution Procedures"):

 a. To be eligible for a distribution from the Receivership Estate, each Investor would be required to execute a form certifying whether or not the Investor is pursuing or intends to pursue any claim(s) against one or more third parties in connection with the Investor's Horizon losses and return that certification to the Receiver.

 b. Upon entry of an Order approving a proposed distribution to Investors, distributions would be made to those Investors who certified that they were not seeking recovery from any third party.

 c. Any Investor who either does not return a certification form or who indicates that the Investor is pursuing claims against a third party or parties in connection with the Investor's Horizon losses would

not be issued a distribution check from the Receivership Estate immediately. Rather, the distributive amount for that Investor's allowed Claim would be held in reserve (an "Investor's Reserved Amount") pending either (i) return of the certification indicating that the Investor is not pursuing a third-party claim; or (ii) resolution of the Investor's third-party claim and reconciliation as between the award from the third party and the allowed Claim amount.

      d.    To the extent that an Investor recovers a portion of the Investor's allowed Claim from any third party, the allowed Claim for that Investor would be reduced by a like amount, distribution based on the reduced Claim would be made, and the difference would be released from the Investor's claim reserve to go back to the pool of funds available for Case expenses and future distributions to Investors.

      e.    To the extent that an Investor recovers 100% of the Investor's allowed Claim amount from one or more third parties, that Investor's Claim would be disallowed, and the Investor's Reserved Amount would be released from the Investor's claim reserve to go back to the pool of funds available for Case expenses and future distributions to Investors.

12. In order to give full effect to these proposed Supplemental Distribution Procedures, the Receiver recommends that an Investor who certifies that the Investor is not seeking recovery from a third party but in fact does obtain such a recovery be required to repay the appropriate portion of any distribution received from the Receivership Estate upon entry of an Order on motion and notice by the Receiver.

## NOTICE

14. The Receiver has consulted with the S.E.C. as to the relief requested herein and is informed that the S.E.C. does not oppose the Motion.

15. Notice of this Motion is being provided to all those parties who have requested notice in this Case, all Investors, and is being served in accordance with the Court's *Order Approving Liquidation Plan and Establishing Case Procedures* (Doc. No. 82). This Motion and related documents will be posted on the Horizon Receivership website at horizonreceivership.com.

16. For these reasons, and as more thoroughly discussed in the *Memorandum of Law* filed contemporaneously with this Motion, the Receiver respectfully requests that this Motion be allowed, and that the proposed Supplemental Distribution Procedures be approved. A proposed Order is attached here as Exhibit A.

WHEREFORE, the Receiver prays that the Court will enter an Order granting this Motion; approving the Supplemental Distribution Procedures as set out herein; and providing such further relief as is just and proper.

This is the 18th day of October, 2022.

                Respectfully submitted,

                */s/ A. Cotten Wright*
                A. Cotten Wright (N.C. State Bar No. 28162)
                Michael L. Martinez (N.C. State Bar 39885)
                Grier Wright Martinez, PA
                521 E. Morehead St., Ste. 440
                Charlotte, North Carolina 28202
                Phone: 704.375.3720
                Fax: 704.332.0215
                cwright@grierlaw.com

                */s/ W. Russell Patterson, Jr.*
                W. Russell Patterson, Jr. Georgia Bar No. 566920
                Ragsdale Beals Seigler Patterson & Gray, LLP
                229 Peachtree St., NE, Suite 2400
                Atlanta, GA 30303-1629
                (404) 588-0500
                wrpjr@rbspg.com
                *Attorneys for the Receiver*